204 So.2d 400 (1967)
Bennie FOUQUIER et al.
v.
The TRAVELERS INSURANCE COMPANY et al.
No. 7159.
Court of Appeal of Louisiana, First Circuit.
November 13, 1967.
*401 Ralph J. Hanks, Jr., of Tritico, Tritico, Hanks, Findley & Guarisco, Morgan City, for appellants.
John E. Coleman, Jr., of Aycock, Horne, Caldwell & Coleman, Franklin, for Travelers Ins. Co.
Norman P. Foret of McBride & Brewster, Lafayette, for State Farm Mut. Automobile Ins. Co.
Before LOTTINGER, SARTAIN, and ELLIS, JJ.
ELLIS, Judge.
This case arises out of an automobile accident which happened on June 25, 1965, at 5:00 p.m., on East Main Street in the city of Franklin, St. Mary Parish, Louisiana. It was raining, and the street was wet. Mrs. Edna G. Fouquier and her daughter, Louisiana Deane, were driver and passenger, respectively, in an automobile going in an easterly direction on East Main. Because of traffic conditions, Mrs. Fouquier brought her car to a near stop, and the following vehicle, owned by Frank Martin, Jr. and driven by his minor daughter, Marianne Martin, was unable to stop and struck the Fouquier vehicle in the rear. Thereafter, a third vehicle, operated by Ananise Wilson, Jr., struck the Martin vehicle *402 and drove it again into the rear of the Fouquier car. As a result of the accident, both Mrs. Fouquier and Mrs. Deane suffered cervical strains.
The Martin vehicle was insured by The Travelers Insurance Company, and the Wilson vehicle was not insured for liability. Mrs. Fouquier was covered by State Farm Mutual Insurance Company in the event of damage by an uninsured motorist.
Judgment was rendered in favor of Mrs. Fouquier and Mrs. Deane in the amount of $1000.00 each, and against Travelers Insurance Company, Ananise Wilson, and State Farm Mutual Insurance Company, in solido. From the latter judgment, Mrs. Deane and Mrs. Fouquier appeal, asking that the damages awarded them be increased. Wilson answered the appeal, alleging that the court erred in finding him in any way negligent, and asking that the judgment be reversed insofar as it affects him. State Farm answered the appeal, alleging that the court erred in finding State Farm in any way liable to plaintiffs, or alternatively that their liability be conditioned on the failure of Travelers to pay the judgment rendered against it within a reasonable time after the judgment becomes executory.
There is no question as to the liability of the defendants herein. Neither Miss Martin nor Wilson were able to advance any reason as to their failure to observe the vehicle ahead of them and stop before striking it. Their failure to keep a proper lookout and maintain their vehicles under control is clear and makes them guilty of negligence, proximately causing the accident, and solidarily liable for the damage caused thereby.
After the accident, both Mrs. Fouquier and Mrs. Deane consulted their family physician, who diagnosed a cervical strain and prescribed muscle relaxants and medication for pain and suggested that they use heat in the affected areas. He gave no other treatment.
Dr. Guy J. Dunning, Jr., an orthopedist, saw both Mrs. Fouquier and Mrs. Deane on August 30, 1965. He found that Mrs. Fouquier had suffered a cervical strain, recommended no further medical treatment, and felt that her complaints would subside over a period of two or three months after his examination.
He felt that Mrs. Deane had also suffered a cervical strain and that her condition was improving satisfactorily. He recommended treatment consisting of cervical traction, deep heat, and neck exercises and felt that her complaints would subside within four to six weeks of his examination. None of the treatment recommended by him was administered.
Both ladies were also seen by Dr. Charles V. Hatchette, an orthopedist, on August 19, 1965. He was of the opinion that Mrs. Fouquier had suffered a mild to moderate whiplash injury, but was unable to elicit any objective symptoms thereof. He estimated it would take about a year from the time of her injury for her to recover from the accident, and that during that time she would be unable to do heavy housework. In his examination of Mrs. Deane, he found no objective symptoms of injury other than a slight restriction to right lateral motion in the neck. He was of the opinion that she had suffered a mild ligamentous injury to the cervical spine and would require about three months for complete recuperation without any residual disability.
He administered no treatment to either of the ladies.
Mrs. Fouquier testified that during the first two months after her injury, she needed help with her housework, but thereafter was able to do it all. She testified that, as of the time of the trial, she was still having some pains "like electricity goes up in there and forms like a headache."
Mrs. Deane testified that her neck continued to hurt after the accident to such an extent that she didn't feel that she could go back to her work as a waitress until after *403 the month of September. She complained of intermittent pain as of the time of trial. However, she was able to do all of her regular housework throughout the entire period after the accident. She further testified to having suffered some bruised or pulled muscles in her chest at the time of the accident, but this was not a major complaint.
As pointed out above, the district judge awarded each of these ladies the sum of $1000.00 for their injuries, being of the impression that they had suffered only a mild injury. We are unable to find that this award is manifestly erroneous.
However, we are of the opinion that the trial judge erred in finding State Farm solidarily liable with Travelers and Wilson for the damages to plaintiffs herein. Under the express provisions of Article 2324 of the Civil Code, Travelers and Wilson are joint tortfeasors and solidarily liable to plaintiff, Travelers standing in the shoes of its insured.
Although the liability of State Farm depends upon the liability of the uninsured motorist, it is not liable in tort. Its liability to plaintiffs is based on the contract of insurance, which is designed for the protection of the insured and not of the uninsured motorist. The primary purpose of this coverage is to give additional protection to insured persons who are damaged as the result of an accident with an uninsured motorist. R.S. 22:1406D(1); Booth v. Fireman's Fund Insurance Company, 197 So.2d 352 (La.App. 2 Cir. 1967); but cf. Fremin v. Collins, 194 So.2d 470 (La.App. 4 Cir. 1967). The liability of State Farm being purely contractual, there is no basis under Article 2324 for holding it solidarily liable with Travelers and Wilson.
Neither do we feel that the provisions of Article 2091 et seq. of the Civil Code should be applied in this case, since those articles relate to solidary liability of persons all of whom are contractually bound. Further, if State Farm were to make payment under the uninsured motorist provision of its policy, it would be subrogated to the rights of its insured, and entitled to recover all amounts paid from either Travelers or Wilson, which it would not be able to do if it were solidarily liable with them. Civil Code, Articles 2103, 2104.
In this case, plaintiffs are, therefore, entitled to collect the entire amount of their claim from Travelers or from Wilson, since they are liable in solido. Under the express provisions of the uninsured motorist coverage, plaintiffs could also recover from State Farm, since the insurer is obligated "to pay all sums which the insured * * * shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile."
However, we do not feel that this situation was contemplated by the legislature when they enacted R.S. 22:1406D(1). The uninsured motorist protection was designed to give additional protection to a plaintiff who has recourse only against an uninsured motorist for damages suffered by him in an accident. In this case, Travelers Insurance Company is liable in solido with Wilson, and consequently also liable for the full amount of the claim. Plaintiffs herein are as fully protected as they would be were Wilson insured.
We are of the opinion that when an uninsured motorist is solidarily liable with an insured motorist, and the insurance in effect is valid, enforceable and sufficient to cover the judgment realized by the plaintiff, there is no necessity for bringing into play the provisions of the uninsured motorist provisions in the policy.
However, to guard against the unlikely event that the insurance company should be unable to pay the judgment against it, we feel that the rights of plaintiff should be reserved against the uninsured motorist carrier.
The judgment appealed from is amended so as to give plaintiff judgment against Travelers and Wilson in solido, and reserving *404 to plaintiffs all their rights against State Farm under the uninsured motorist clause in their policy should the judgment be uninforceable against Travelers, with all costs of this appeal to be paid by the plaintiffs.
Amended and affirmed.