254 So.2d 476 (1971)
Sam GAUTREAUX and Dorothy B. Gautreaux, Plaintiffs-Appellees,
v.
Jammy (Jimmy) PIERRE (Piere) et al., Defendants-Appellants.
No. 3662.
Court of Appeal of Louisiana, Third Circuit.
November 12, 1971.
Welton P. Mouton, Lafayette, for defendants-appellants.
*477 Joel E. Gooch and Raymond Allen, Lafayette, for defendant-appellee.
Charles F. Boagni, III, Opelousas, for Jammy Pierre, in pro. per.
Before FRUGÉ, CULPEPPER and DOMENGEAUX, JJ.
DOMENGEAUX, Judge.
This is a suit in tort arising from a vehicular collision which occurred on Louisiana Highway 93 between Cankton and Sunset, Louisiana at approximately 11:45 P.M. on September 14, 1968. The plaintiffs herein, Sam Gautreaux and his wife, Dorothy B. Gautreaux, were injured when an automobile owned by Mr. Gautreaux and driven by his wife, and in which Mr. Gautreaux and two of their minor children were riding as passengers, collided with an automobile owned and operated by Jammy Pierre. Plaintiffs sued Pierre who was an uninsured motorist, Eddie Senegal and his liability insurer, Maryland Casualty Company, and their own insurer, Allstate Insurance Company under the uninsured motorist provisions of their policy.
Following a trial on the merits, the district court rendered judgment in favor of plaintiffs and against Pierre, Senegal and Maryland in solido but dismissed their suit against Allstate. Additionally, judgment was rendered in favor of Maryland and Senegal and against Pierre for one-half of the amounts awarded plaintiffs. Maryland and Senegal appealed and plaintiffs answered the appeal seeking an increase in quantum.
The evidence regarding the occurrence of the collision formed, as said by the trial judge, a maze of contradictory testimony, but from it he found the facts to be as follows:
1) Louisiana Highway 93, a two-laned blacktop, on the date of the accident, at the place where the accident occurred, ran generally north and south.
2) Some time prior to the accident, Eddie Senegal, while attempting to turn on the highway, backed the rear of his automobile into the ditch on the west side of the highway. Unable to remove his automobile from the ditch, he secured the assistance of Jammy Pierre for an agreed consideration of $5.00.
3) Pierre, driving his 1954 Plymouth, pulled the Senegal vehicle from the ditch, then parked his car facing in a southerly direction in the northbound lane of the highway completely obstructing the north-bound lane.
4) After being pulled from the ditch, Senegal parked his automobile facing south partly on the west shoulder and partly on the traveled portion of the south-bound lane of the highway, with approximately one foot of his vehicle on the traveled portion of the highway.
5. Before the removal of the Senegal automobile from the ditch, Lester Thomas arrived in his own automobile. He parked on the shoulder of the south-bound lane behind the disabled Senegal vehicle and disembarked.
6. Several minutes later, with the vehicles of Senegal, Pierre and Thomas thus parked, a northbound vehicle occupied by plaintiffs and their two children, at that time being driven by Mrs. Gautreaux, collided with the Pierre car, resulting in personal injuries to Mr. and Mrs. Gautreaux, and extensively damaging the right front of the Gautreaux vehicle, and the front of the Pierre vehicle.
7. Immediately prior to, and at the time of the collision, the Senegal, Pierre and Thomas vehicles were unlighted. Their positions were not noticed by Mrs. Gautreaux until she was in very close proximity thereto, and too late to avoid the collision which ensued. *478 It does not appear that she was driving at an excessive rate of speed, and she was at all times in her proper lane of travel.
These findings of fact were gleaned by the trial court from the testimony which could in no wise be reconciled. That court had the opportunity, denied us, to observe the witnesses as they testified and its judgment of their credibility is entitled to the greatest weight on appeal. We cannot say that there is error in the factual findings of the trial court and we therefore adopt them as our own.
LSA-R.S. 32:141, the applicable statute reads as follows:
§ 141. Stopping, standing or parking outside business or residence districts
A. Upon any highway outside of a business or residence district, no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway when it is practicable to stop, park or so leave such vehicle off such part of said highway, but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicles shall be available from a distance of two hundred feet in each direction upon such highway.
B. The provisions of this Section shall not apply to the driver of any vehicle which is disabled while on the main traveled portion of a highway so that it is impossible to avoid stopping and temporarily leaving the vehicle in that position. However, the driver shall remove the vehicle as soon as possible, and until it is removed it is his responsibility to protect traffic.
C. The driver of any vehicle left parked, attended or unattended, on any highway, between sunset and sunrise, shall display appropriate signal lights thereon, sufficient to warn approaching traffic of its presence.
Clearly the mandates of the statute were violated by both Pierre and Senegal since both parked their automobiles on the highway without benefit of warning lights, and such violation was negligence per se. Summers v. Hartford Accident & Indemnity Co., La.App., 229 So.2d 744; Roberts v. Aetna Casualty & Surety Co., La.App., 216 So.2d 870.
Senegal was not less negligent because his automobile was only partly on the traveled portion of the highway. The portion of LSA-R.S. 32:141, most in point here, Section C, makes no distinction between vehicles totally on the highway and those only partially thereon. The fact that he was partially on the highway and that his position thereon impeded the free passage of other vehicles and added to the obstruction suddenly faced by Mrs. Gautreaux, makes his negligence a proximate cause of the accident. Pierre v. Allstate Insurance Company, 257 La. 471, 242 So.2d 821.
Of course there can be no question of Jammy Pierre's negligence being the proximate cause of the accident, since his automobile was parked directly in plaintiffs' lane of travel and was struck by that of plaintiffs. In any event he has not appealed the judgment against him.
Finally, considering the findings of fact regarding Mrs. Gautreaux's behavior immediately prior to the accident in the light of Craker v. Allstate Insurance Co., 259 La. 578, 250 So.2d 746, the conclusion that plaintiffs were not contributorily negligent is inescapable, and their right to recovery is established.
Defendants-appellants argue that Allstate should be obliged to contribute to the amounts awarded plaintiffs under its uninsured motorist provision. There is no *479 merit in this contention, as the intent of the uninsured motorist statute and of conforming policy provisions is not to benefit the uninsured driver, but rather to protect the insured driver, and actions thereunder are contractual in nature rather than delictual. LSA-R.S. 22:1406, subd. D(1), Booth v. Fireman's Fund Insurance Company, 253 La. 521, 218 So.2d 580. It follows from this that when an uninsured motorist is solidarily liable with an insured motorist, as is the case here, and the insurance in effect is valid, enforceable and sufficient to cover the judgment realized by plaintiffs, the provision in plaintiffs' policy giving coverage in the event of damage by an uninsured motorist does not apply. Fouquier v. Travelers Insurance Company, La.App., 204 So.2d 400.
Although the issue of quantum was raised by plaintiffs in their answer to the appeal, it was not argued either orally or in brief by any of the parties and we therefore disregard it.
For the above and foregoing reasons the judgment of the trial court is affirmed at defendants-appellants' costs in both courts.
Affirmed.
CULPEPPER, Judge (dissenting in part).
I respectfully dissent from that portion of the majority decision which follows Fouquier v. Travelers Insurance Company, La.App., 204 So.2d 400 (1st Cir. 1967). There was no application to our Supreme Court for writs of certiorari in the Fouquier case, and I do not find that our highest court has ever ruled on the question.
The holding in Fouquier has been questioned, Work Of The Louisiana Appellate Courts For The 1967-1968 Term-Insurance, 29 La.Ann.L.Rev. 257-258. In support of its decision in Fouquier, the court stated that if plaintiffs' insurer "were to make payment under the uninsured motorist provision of its policy, it would be subrogated to the rights of its insured, and entitled to recover all amounts paid from either Travelers (the liability insurer of one tort feasor) or Wilson (the uninsured motorist), which it would not be able to do if it were solidarily liable with them. Civil Code Articles 2103, 2104." The author of the cited article points out that subrogation does take place in the case of co-debtors in solido to the extent of the portion of the debt due by each. Hence, if plaintiffs' insurer were held liable in solido with the two tort feasors and the liability insurer, it would have a right of contribution from them to the extent of the portion of the debt due by each.
Actually, the responsibility of the uninsured motorist insurer is not in solido. Instead, it is in solidum, an imperfect solidarity not defined in our Civil Code, but known to the Romans and recognized in our jurisprudence, Gay v. Blanchard, 32 La.Ann. 497 (1880); Redmann, La.Civ. Code Principles of Contribution and Indemnity: Solidary Obligations and Suretyship, 27 Loyola Law Rev. 297; Work of The Appellate Courts For The 1966-1967 Term-Insurance, 28 La.L.Rev. 372. Imperfect solidarity exists where the debtors are bound for the same debt but by different acts at different times, and in which case subrogation takes place to the extent of the payment.
In addition, the mere fact that a judgment is against co-debtors in solido does not preclude recovery in full by one who is liable only vicariously, Appalachian Corporation v. Brooklyn Cooperage Company, 151 La. 41, 91 So. 539 (1922). In the present case, where the responsibility of the uninsured motorist insurer is contractual, Booth v. Fireman's Fund Insurance Company, 253 La. 521, 218 So.2d 580, it actually should have a right of full indemnity against the two joint tort feasors and the liability insurer.
A very practical and inequitable result of the majority opinion is that in the event plaintiff is unable to collect his judgment from either the joint tort feasors *480 or the liability insurer, he will then be left without recourse against his own uninsured motorist insurer, to whom he paid a premium for this coverage. In Fouquier, the court recognized this weakness in its position and reserved the right of the plaintiff against his insurer in the event plaintiff could not collect his judgment.
I think the better rule would be to render judgment in solido against the tort feasors, the liability insurer and the uninsured motorist insurer. As amongst these co-debtors, contribution or indemnity could be sought.
For the reasons assigned, I respectfully dissent in part.