256 So.2d 462 (1972)
Charles Ray SHIRLEY et al., Plaintiffs-Appellants,
v.
AETNA CASUALTY & SURETY COMPANY et al., Defendants-Appellees.
No. 11718.
Court of Appeal of Louisiana, Second Circuit.
January 4, 1972.
*463 Bodenheimer, Jones, Klotz & Simmons by G. M. Bodenheimer, Jr., Shreveport, for plaintiffs-appellants.
Lunn, Irion, Switzer, Johnson & Salley by Charles W. Salley, Shreveport, for defendants-appellees.
Before AYRES, HEARD and HALL, JJ.
HALL, Judge.
This suit was instituted by Charles Ray Shirley and Zurich Insurance Company *464 against David B. Bain, Jr. and Aetna Casualty & Surety Company. The action arose out of a one-car accident which occurred on February 15, 1970, while Shirley was riding as a guest passenger in an automobile owned and operated by Bain. Bain was an uninsured motorist on the date of the accident.
Both Zurich and Aetna had issued policies of liability insurance to Shirley which contained uninsured motorist coverage with limits of $5,000. Zurich paid Shirley the limits of its uninsured motorist coverage, $5,000, and by this action seeks judgment against Aetna for one-half of that amount. Zurich further prayed for judgment against the driver, Bain, for the sum of $5,000 paid to Shirley under its uninsured motorist clause, or alternatively, in the amount of $2,500 in the event the court granted Zurich judgment against Aetna for $2,500. Shirley sued Bain for $35,634.15 for his injuries. He further prayed, alternatively, and in the event Zurich's claims against Aetna were rejected, that there be judgment in his favor against Aetna for the use and benefit of Zurich in the full sum of $2,500, he having executed a written subrogation in favor of Zurich of all claims he may have had against Aetna.
Aetna denied liability to Zurich or Shirley contending (1) its policy issued to Shirley was canceled prior to the accident and (2) in the alternative, if the policy was found to be in effect, its liability was extinguished by the $5,000 payment to Shirley from Zurich. In the further alternative, Aetna made a third party demand against Bain for the entire amount of any judgment which might be rendered in favor of plaintiffs against Aetna.
Bain did not answer the original petition or third party demand and judgment was rendered against him by default in favor of Shirley and Zurich. The negligence of Bain is not an issue on this appeal.
There was judgment below in favor of Zurich against Bain in the amount of $5,000 and in favor of Shirley against Bain in the amount of $10,000. The demands of Zurich against Aetna were rejected. The judgment contained no disposition of Aetna's alternative third party demand against Bain. Zurich and Shirley have appealed.
There are only two issues presented for determination on appeal:
(1) Was Shirley's liability policy with Aetna in effect on the date of the accident; and, if so,
(2) What is the extent of Aetna's liability to Shirley and/or Zurich under the uninsured motorist coverage provided in its policy?
On the first issue, the evidence establishes that prior to the date of this accident, Charles Shirley had obtained liability insurance with Aetna through the Edwin Jones Insurance Agency in Shreveport. Some time shortly preceding February 12, 1970, Shirley attempted to obtain additional insurance coverage from Aetna which they could not supply. He subsequently procured the desired coverage from Zurich, effective February 12, 1970.
After he obtained the insurance from Zurich, Shirley instructed his wife to write the Jones agency and request that they cancel his policy with Aetna. Mrs. Shirley wrote the letter. The letter was undated and did not specify the date the policy was to be canceled. On February 16, Mrs. Shirley received a call from the agency, at which time she was advised that the policy could not be canceled until a release was signed because the policy had not been sent in to the agency. On Tuesday, February 17, 1970, Mrs. Shirley received by mail the release, which she signed and returned to the agency.
Aetna argues that the policy was canceled as of February 12, 1970, and in support of this argument relies on a "Notice of Cancellation" filed in the record. This notice was prepared on March 10, 1970, after Aetna was advised of the occurrence *465 of the accident on February 15, 1970, and stated that the policy herein involved was canceled as of February 12, 1970. However, the letter which Mrs. Shirley wrote to the agency requesting cancellation contains a notation made by the agency on the bottom of the letter stating that the policy was canceled as of February 16. In addition to this, Mr. Henry C. Mullin, an employee of the agency, testified that Shirley's policy with Aetna was not canceled until after the agency received the release signed by Mrs. Shirley and that, therefore, it was his opinion that Aetna's liability policy was still in effect on February 15, the date of the accident.
R.S. 22:637 provides that an insurance policy may be canceled in the following manner:
"A. Cancellation by the insured of any policy which by its terms is cancellable at the insured's option or of any binder based on such policy may be effected by written notice thereof to the insurer and surrender of the policy or binder for cancellation prior to or on the effective date of such cancellation. In event the policy or binder has been lost or destroyed and cannot be so surrendered, the insurer may in lieu of such surrender accept and in good faith rely upon the insured's written statement setting forth the fact of such loss or destruction. * * *"
The Aetna policy itself provides for cancellation in the following manner:
"This policy may be cancelled by the Insured named in item 1 of the declarations by mailing to the Company written notice stating when thereafter the cancellation shall be effective. This policy may be cancelled by the Company by mailing to the Insured named in item 1 of the declarations at the address shown in this policy written notice stating when not less than ten days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The effective date of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by such Insured or by the Company shall be equivalent to mailing."
On the date of the accident, February 15, 1970, the requirements of neither method of cancellation had been complied with. The policy had not been surrendered as required by the statute, and the letter from Mrs. Shirley to the agency did not state the effective date of cancellation as required by the terms of the policy. Aetna's agent did not consider the policy canceled on February 15 and on February 16 required Shirley to execute a release before cancellation could be perfected.
We hold that the Aetna policy was in full force and effect on the date of the accident.
The next issue to be resolved is the extent of Aetna's liability, if any, under its policy. The Aetna policy contains the following clauses, which we will refer to as the reduction clause, excess clause and pro rata clause, designed to reduce or limit its liability under certain circumstances:
Reduction Clause
"(b) Any amount payable under the terms of this Part because of bodily injury sustained in an accident by a person who is an Insured under this Part shall be reduced by
(1) all sums paid on account of such bodily injury by or on behalf of (i) the owner or operator of the uninsured automobile and (ii) any other person or organization jointly or severally liable together with such owner or operator for such bodily injury including all sums paid under Coverage A, and * * *"
Excess Clause
"With respect to bodily injury to an Insured while occupying an automobile not owned by the named Insured, the insurance *466 under Part IV shall apply only as excess insurance over any other similar insurance available to such Insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance." (Emphasis supplied)
Pro rata Clause
"Except as provided in the foregoing paragraph, if the Insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance and the Company shall not be liable for a greater proportion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance."
Aetna contends primarily that its liability was reduced to zero under the reduction clause by virtue of the $5,000 payment by Zurich to Shirley. Alternatively, Aetna contends that its policy only provided excess coverage under the excess clause. Zurich contends that the extent of Aetna's liability should be determined under the pro rata clause.
We hold that the pro rata clause is applicable and that Aetna is liable to Zurich, as conventional subrogee and assignee of Shirley, for the sum of $2,500.
The insured, Shirley, had "... other similar insurance available to him and applicable to the accident ..." by virtue of the Zurich policy. The limit of liability of each policy was $5,000. For the purpose of determining the extent of Aetna's liability under the pro rata clause, the damages are deemed to equal $5,000, the higher of the applicable limits of Aetna's policy and Zurich's policy. Aetna is liable to Shirley for that proportion of this loss ($5,000) which its policy limit ($5,000) bears to the total of the applicable limits of its liability plus the applicable limits of Zurich's liability ($10,000), or one-half of the loss. Therefore, Aetna is indebted to Shirley in the amount of $2,500 and as Shirley's subrogee, Zurich is entitled to recover this amount from Aetna.
Considering the applicability of the excess clause, it is to be noted that the Zurich policy contains a substantially identical excess clause. Neither policy is "... applicable to such automobile [the non-owned automobile] as primary insurance..." within the meaning of these clauses. Thus, the excess clauses of both policies are not applicable and each policy provides equal and identical coverage.
Furthermore, the excess clauses in the two policies are mutually repugnant and ineffective, because if these provisions of both policies are given effect, neither insurer would be liable. Graves v. Traders & General Insurance Company, 252 La. 709, 214 So.2d 116 (1968).
The reduction clause of the Aetna policy is likewise not applicable. The payment made by Zurich to Shirley was not made by or on behalf of Bain, the owner and operator of the uninsured automobile, nor by or on behalf of any person jointly or severally liable with Bain. The liability of an uninsured motorist insurer is based on the contract of insurance, which is designed for the protection of the insured and not of the uninsured motorist. The liability of such an insurer is purely contractual. See Fouquier v. Travelers Insurance Company, 204 So.2d 400 (La.App. 1st Cir. 1967). The payment by Zurich to Shirley was made pursuant to its contractual obligation and was not made on behalf of Bain, the uninsured motorist, or by or on behalf of any person jointly or severally liable with Bain. Therefore, the payment by Zurich does not reduce the amount owed by Aetna under the provisions of the reduction clause. These provisions, *467 by their own terms, are inapplicable in this situation.
There is an additional reason why the reduction clause in Aetna's policy is not applicable here. The reduction clause, as applied to this situation of double or concurrent coverage, is irreconcilable with the pro rata clause of Aetna's policy. The pro rata clause deals specifically with the extent of Aetna's liability in the event of other similar insurance being available to the insured, and should govern. Zurich and Aetna were both liable to Shirley under the terms of their respective policies. The fact that Zurich happened to make payment under its policy first should not and does not affect Aetna's liability to Shirley under its policy. The prior payment by Zurich does not negate the pro rata clause of the Aetna policy nor does it trigger into effectiveness the reduction clause.
Zurich seeks recovery from Aetna on the basis of contribution and, alternatively, as subrogee of Shirley. Each insurer contracted independently with Shirley to provide coverage for damage caused by the negligence of an uninsured motorist. These are separate and distinct obligations and do not result in solidary liability on the part of the obligors, Aetna and Zurich. The contracts of insurance were individually undertaken by the respective insurance companies and require separate performance. Payment by one does not exonerate the other from payment under its policy according to the terms of its policy. See Fremin v. Collins, 194 So.2d 470 (La.App. 4th Cir. 1967).
Therefore, Zurich is not entitled to "contribution" from Aetna in that the two companies were not solidary debtors. Zurich's right to recovery is by virtue of the conventional subrogation and assignment from Shirley of any amount owed to Shirley by Aetna under its policy.
Zurich concedes that upon recovery by it against Aetna of $2,500, the judgment in its favor against Bain should be reduced from $5,000 to $2,500.
Aetna did not appeal, nor did it by answer to the appeal demand modification, revision or reversal of the judgment insofar as it did not allow or consider the relief prayed for in its third party demand against Bain. Therefore, we cannot amend the judgment to allow recovery by Aetna over and against Bain. LSA-Code of Civil Procedure Article 2133.
Accordingly, and for the reasons assigned, the judgment of the district court is affirmed in part and reversed in part, and is recast as follows:
It is ordered, adjudged and decreed, that there be judgment herein in favor of plaintiff, Charles Ray Shirley, and against the defendant, David B. Bain, Jr., in the full sum of Ten Thousand and No/100 ($10,000) Dollars, together with legal interest thereon from date of judicial demand until paid in full.
It is further ordered, adjudged and decreed, that there be judgment herein in favor of plaintiff, Zurich Insurance Company, and against the defendant, David B. Bain, Jr., in the full sum of Two Thousand Five Hundred and No/100 ($2,500) Dollars, together with legal interest thereon from date of judicial demand until paid in full.
It is further ordered, adjudged and decreed, that there be judgment herein in favor of plaintiff, Zurich Insurance Company, and against defendant, Aetna Life & Casualty Company, in the full sum of Two Thousand Five Hundred and No/100 ($2,500) Dollars, together with legal interest thereon from date of judicial demand until paid in full.
All costs in the lower court are assessed to Aetna Life & Casualty Company and David B. Bain, Jr.
All costs of this appeal are assessed to Aetna Life & Casualty Company.
Affirmed in part, reversed in part, and rendered.