BOUTALL, Judge.
This is a suit for personal injuries and property damage arising out of two collisions involving three vehicles on the Lake Pontchartrain Causeway. The named defendants are the owner, operator and insurer of one vehicle, and the owner-operator of the other vehicle, together with plaintiffs’ own insurance company under the uninsured motorist provisions of their policy. The procedural aspects of the case are quite involved as a result, but generally speaking, there was judgment in favor of the two plaintiffs and against the other drivers, together with their appropriate insurers.
We have had argued to us a serious issue as to the procedural problems involved, as to the third party demand of Joseph Oubre; however, we shall first examine the liability aspects of the case, because we find that it will simplify the judgment reached.
The facts of the accident are these. The Lake Pontchartrain Causeway at this time was a two-lane thoroughfare connecting the north and south shores of Lake Pontchartrain. On the night in question, shortly after midnight, Richardson was driving from Covington to New Orleans, and when he reached a point approximately I1/2 miles from the south shore of the lake, he began experiencing difficulties with his engine. It is not known what the problem was, but in any event, the engine malfunctioned to such an extent that it became necessary for him to stop on the Causeway. In this area there is no place that the car can be pulled out of the traffic lanes, and there are no lights there. Richardson got out of his car, raised the hood and sought to determine what was wrong. He had no experience as to engines, and was simply looking to see if there was something obviously wrong to his visual examination. He found nothing and replaced the hood and then, fearing that his regular driving lights would exhaust the battery quickly, he reduced his lights to parking. He then walked some 20 or 30 feet to the front of the vehicle for the purpose of attempting to flag approaching vehicles in order to ask assistance of them. He stated that he did not go to the rear of the vehicle, from which direction traffic in that lane would approach, because he felt it would be unsafe. He made no attempt to warn on-coming traffic and simply relied on the fact that his tail lights were burning.
After a period of time, which Richardson estimates as 5 to 7 minutes, a vehicle driven by Joseph Oubre going in the same direction, ran into the rear end of the Richardson vehicle. The force of the impact was such that the Oubre vehicle was catapulted forward over the stopped car and landed on its top, upside down, some 20 or 30 feet *263 in front of the stopped vehicle. Richardson testified that his first indication of an approaching vehicle was the sound of brakes, and that he saw no lights until after he heard the sound of brakes. No explanation of this condition has been offered. The Causeway in this area is straight and clear for a distance of some 2Yz miles back towards a hump or rise in the roadway. Additionally, because of the severe injuries Oubre received in the accident, Oubre was unable to testify as to much of the facts of the occurrence of the accident. The investigation police officer was able to determine that the Oubre vehicle laid down 60 feet of skid marks before the collision.
As a result of this collision, the Richardson vehicle was knocked sideways from the force of the impact so that it was facing diagonally across the Causeway. It completely blocked the opposing or northbound lane and extended into the southbound lane blocking it, but not extending completely across the southbound lane. The rear end of the vehicle was badly damaged, and there is some question as to whether the rear lights were still burning.
Shortly after the first collision occurred, the vehicle driven by Casagrande approached going in the same southbound direction, and his car collided with the Richardson vehicle. There was no contact between the Oubre vehicle and these latter two colliding vehicles as a result of that collision. The trial court rendered written reasons for judgment, which we quote:
“From the evidence presented, the Court concludes:
1) that the above described two automobile collisions were caused solely and proximately by the joint and concurring negligence of:
a) Dwight R. Richardson, in failing to act in a reasonably prudent manner to protect traffic approaching from the rear of his disabled vehicle, as required by LA. R.S. 32:141, and
b) Joseph A. Oubre, in failing to see the disabled Richardson vehicle stalled in his lane in the highway with its rear parking lights burning, which he should have seen by the use of ordinary care and prudence (See Eubanks v. Wilson, [La.App.,] 162 So.2d 842):
2) that no actionable, or contributory, negligence has been established on the part of Mrs. Kathleen G. Casagrande, or Robert M. Casagrande, in the second collision, as the prior collision between the disabled Richardson vehicle and the Oubre vehicle had extinguished the previously burning rear lights on the Richardson automobile;”
* * * * * *
We are of the opinion that the findings of the trial judge were correct. The testimony of Richardson himself shows that there was no effort whatsoever on his part to warn approaching traffic or protect it as required by the provisions of LSA-R.S. 32:141, (B) and (C). While it is true that in this area of the Causeway there is no possibility of pulling a stalled vehicle off the travel lanes, we note that Richardson did not even pull his car as far to the right as possible. His testimony is that he stopped the vehicle close to the middle of the lane in which he was traveling. Richardson was driving a vehicle which was loaned to him by a friend, and he made no effort to determine if there were any flashlights, flares, or other warning devices in the vehicle, although he had from 5 to 7 minutes to search. He made no attempt to walk down the roadway to the rear of the vehicle to warn approaching cars, but stated that he considered that too dangerous and so walked the opposite direction in front of the car where he would be safe. Such conduct amply supports the trial judge’s finding of negligence.
The trial judge also found negligence on the part of Oubre. As mentioned above, Oubre was not able to testify as to *264 how the accident occurred except in general terms. He relates that he was some 60 to 70 feet away from the stopped vehicle when he saw it and that he was upon it before he realized that it was stopped. His vehicle left 60 feet of skid marks and collided with such force as to be thrown completely over the stalled vehicle. We can ascertain no reason why Oubre should not have seen the vehicle with its lights on prior to this time and why he could not have avoided the collision. There is no testimony that he was blinded by any approaching car or that there was any obstruction to his vision on this straight roadway. The testimony of Richardson indicates that Oubre apparently had some difficulty with his headlights, because they were not visible until after Richardson heard the brakes squeal. However, it appears that Oubre should have noticed the rear lights of the vehicle in front of him with sufficient time to be able to stop or to turn in the opposing lane of traffic, which was clear at the time. We conclude that his conduct also constituted negligence.
To some extent Casagrande is faced with the same problem that faced Oubre. However, we note that there is evidence that the rear of the Richardson car was severely damaged and that the rear lights were no longer burning. Additionally, the vehicle was turned sideways in the road, although not completely so, and that it did not present a completely broadside surface such that oncoming vehicles’ lights would reflect back from it. The record further shows that there were no side reflectors or lights on this vehicle. It is apparent from Casagrande’s testimony that when he first saw the obstruction ahead it took him an instant or two to realize what was facing him. The evidence show that he did the best he could to avoid the collision, but nevertheless, there was a collision between his car and the Richardson car, although not a very severe one. We also note that in Casagrande’s case, both lanes of traffic were blocked, and there was no way he could avoid a collision except stop, which he almost succeeded in doing. We agree with the finding of the trial judge that there was no negligence on the part of Casagrande.
One of the defendants in this case is Edgar Roullier, who was the owner of the Richardson vehicle. The trial judge found no negligence on his part, the record reflects none, and it is not seriously contended by the parties to this appeal that he was negligent.
We are thus brought to the crux of this appeal, and that is, the effect of the negligence of the drivers of the first two colliding vehicles on the right of recovery by the driver involved in the second collision. We are of the opinion that under the circumstances here, the negligence of the two drivers involved in the first collision continued and were the proximate causes of the second collision. The joint negligence of those two drivers placed the disabled vehicle in the position that it was in, and caused the highway to be blocked so as to constitute a trap before an approaching motorist. In support of this position we refer to the cases of Pierre v. Allstate Insurance Company, 257 La. 471, 242 So.2d 821 (1970), on rehearing, and Gautreaux v. Pierre, 254 So.2d 476 (La.App. 3rd Cir., 1971).
The trial judge rendered a judgment in favor of Mrs. Casagrande against Oubre and Zurich Insurance Company, insurer of the Richardson car, in the sum of $1,500.00. Appellants claim that this is excessive. We note that as a result of the collision, Mrs. Casagrande required medical attention for some time and sustained injuries consisting of contusions and abrasions of both hands, her right arm, and around those portions of the body where her seat belt was fastened. Additionally, she suffered a severe hematoma of the forehead and cheek and of the right eye, all of which lasted for about six weeks and caused pain. Additionally, there is a darkened, shadowy and depressed area of ap *265 proximately of an inch in diameter over her right eye, which was still apparent at the time of trial and which, although not painful, annoyed her because of the cosmetic appearance of her face. She was awarded the sum of $1500.00 and we are of the opinion that this award should not be disturbed.
Mr. Casagrande was awarded the sum of $850.00 for his injuries. He also required medical attention and sustained injuries consisting of bruises and lacerations of the nose and lip, bruises of his hands, and his abdominal area where the seatbelt was, together with some pain for a short period of time in both his back and his shoulders. He was awarded $850.00, which we find neither to be excessive nor insufficient. Additionally, he was awarded special damages, about which there is no complaint.
The only other issue seriously raised before us is the procedural question arising as a result of the defendant Oubre seeking to claim his own personal injuries against the other parties to this litigation. The trial court did not pass upon this question because it was determined that Oubre was negligent and could not recover on the merits. We similarly find and see no need to discuss the procedural aspects of that situation in this judgment.
For the reasons above stated, we are of the opinion that the judgment of the trial court is correct and should be affirmed. The costs of this appeal to be assessed against appellant.
Affirmed.
LEMMON, J., concurs with written reasons.