THOMAS J. MALIK, Judge Pro Tem.
(concurs with reasons).
There are several reasons to remand this case, however, none of them are urged by the appellant, thus I concur with the result reached by Judge Stoulig, although in my opinion issue was not completely joined. Thomas Tarver named a defendant was neither served with a copy of the petition, (thus did not answer) nor was he dismissed. In the interest of justice I would not remand this matter for that reason in view of may findings of fact.
I am of the opinion that there is merit to the dissenting opinion herein, and that of Judge Culpepper in Gautreaux v. Pierre, La.App., 254 So.2d 476, insofar as the responsibility of an uninsured motorist insurer, but only in the event that a plaintiff would choose to pursue such a defendant.
Of the two versions of the facts presented, I concur that the more consistent is that presented by the plaintiffs who felt only one impact. Regrettably the trial court allowed Mr. Tarver to testify only as to his failure to obtain insurance coverage and ruled that cross-examination as to the facts of the accident was somehow improper. In my opinion it was not within the trial courts discretion to limit cross examination once the witness testified on direct as follows :
“.... I was going to Avondale to get a job when the accident happened.” and further when asked his position in the accident;
“The third vehicle, a 63’ Dodge.”
Tarver might have shed some additional light on the discrepancy between the drivers of vehicle one and two, but to remand the case for his testimony would be improper due to the fact that the appellant in this appeal did not question Tarver on the facts, nor would it be proper to remand this case in view of Art. 2091 of the Civil Code.
I thus concur in the opinion to affirm the trial court’s judgment against Shell, Doyle and The Travelers Insurance Company.