RUCHE J. MARINO, Judge Pro Tem.
(dissenting).
Action by driver and passenger in two consolidated cases for personal injuries sustained as a result of an automobile collision.
On November 22, 1969 at about 7:40 a. m. Marie Therese D’Amico was driving a 1968 Chevrolet on the Pontchartrain Expressway, in the direction of the Mississippi River. As she was slowing down for traffic she was struck in the rear by Leo F. Doyle, (driving a Shell vehicle and insured by Thomas Tarver) allegedly hit the rear of the Doyle vehicle thereby causing an additional impact. Louis C. Hughes was a guest passenger in the D’Amico vehicle, and another petitioner herein (Lumbermen’s Mutual Casualty Co. alleged uninsured motorist of the Tarver vehicle alleged negligence on the Doyle vehicle.)
The trial court below found Marie D’Amico to be free of negligence or being contributorily negligent and found joint negligence on the part of the Tarver and Doyle vehicles, thereby costing Doyle, Shell Oil, and Travelers for liability in soli-do with Lumbermen’s Mutual Casualty Company.
*283 This Judge affirms that ruling. The facts are abundantly clear by a preponderance of the evidence that:
From this judgment defendant appellant Lumbermen’s Mutual Casualty Company appealed and Shell Oil Company, Leo F. Doyle and Travelers Insurance Company answered the appeal. Travelers has paid in full the judgments rendered by the lower court — thus the 2 original plaintiffs are not before this court.
On November 22, 1968 on the Expressway on the inbound lane, approximately a third of a mile before the Carrollton exchange, on the left hand side next to the neutral ground, Mrs. Marie D. Caminita (Mrs. D’Amico) was driving her 1968 Chevelle in a down town direction in order to go to work accompanied by Mr. Louis Hughes as a guest passenger and while travelling between 15-25 miles an hour was hit in the rear by the Doyle vehicle causing the D’Amico vehicle to lurch forward. (Mrs. D’Amico testified she heard another crash but felt no impact (Tr. p. 27). (*The Doyle version is that Doyle #2 was hit by #3 Tarver who in turn knocked #2 into #1.) The D’Amico version is undoubtedly best supported by the evidence and as such both Tarver and Doyle are negligent. If this finding is correct can Lumbermen be cast in judgment in solido with Doyle, Travelers and Shell. (Tarver was not before the court but was found to be uninsured and his uninsured carrier being Lumbermen’s Mutual Casualty Company.)
Counsel in his appellant brief states:
“In line with number (2), in not following the specific case law of Louisiana in Fouquier vs. Travelers Insurance Company, 204 So.2d 400, La.App., 1 Cir. (1967) and Gautreaux vs. Pierre, 254 So.2d 476, La.App., 3 Cir. (1971), to the effect that where a finding is made that an uninsured motorist is solidarily liable with an insured motorist, (a) this does not create a solida-ry or joint tortfeasor obligation of the uninsured motorist carrier; and (b) where there is insurance in effect, valid and enforceable on behalf of the insured motorist who is found to be negligent, then the provisions of the uninsured motorist policy will not be enforced, since the only purpose of the uninsured motorist policy is to provide coverage of the insured person to whom the policy was issued in the event that there is no other collectable insurance and argues assuming, despite the foregoing analysis of the testimony, that the Lower Court was correct in finding joint negligence on the part of both Tarver and Doyle, then the court was still in error under the law in casting Lumbermen’s Mutual Casualty Company “jointly, severally and in solido” with Doyle, Shell Oil Company and Travelers.
“The key note case setting forth this law is the case of Fouquier vs. Travelers Insurance Company, 204 So.2d 400, La.App., 1 Cir. (1967).
“The facts of the Fouquier case are almost parallel to the facts in the case at bar, with the only difference being that the lead car being driven by Mrs. Fouquier had been slowing down and was at a near stop when it was struck by the third vehicle which was unable to stop when it saw the accident up ahead. In the case at bar, as set forth above, both Miss D’Amico and Mr. Hughes testified that they were not coming to a stop but were rather traveling along with the flow of traffic.
“In the Fouqtiier case, the court found liability as to both defendants, namely, the driver of the second car and the driver of the third car, and accordingly found solida-ry liability on the part of the drivers of both vehicles. The Lower Court Judge, based on his finding of solidary liability of both drivers, also found solidary liability of Travelers Insurance Company, the insurer of the second vehicle, with State Farm Mutual Insurance Company, the insurer of the plaintiff’s car (the first car) under uninsured motorist’s coverage.
“The Court of Appeals, in reversing the finding of the Lower Court of solidary lia *284 bility between Travelers and State Farm, held as follows:
Although the liability of State Farm depends upon the liability of the uninsured motorist, it is not liable in tort. Its liability to plaintiffs is based on the contract of insurance, which is designed for the protection of the insured and not of the uninsured motorist. The primary purpose of this coverage is to give additional protection to insured persons who are damaged as the result of an accident with an uninsured motorist. R.S. 22:1406D(1); Boote [Booth] vs. Fireman’s Fund Ins. Co., 197 So.2d 352, La.App. 2 Cir. (1967);.The liability of State Farm being purely contractual, there is no basis under Article 2324 for holding it solidarily liable with Travelers and Wilson.
Neither do we feel that the provisions of Article 2091 et seq. of the Civil Code should be applied in this case, since those articles relate to solidary liability of persons all of whom are contractually bound. Further, if State Farm were to make payment under the uninsured motorist provisions of its policy, it would be subrogated to the rights of its insured, and entitled Travelers or Wilson, which it would not be able to do if it were soli-darily liable with them. Civil Code, Article 2103, 2104.
In this case, plaintiffs are, therefore entitled to collect the entire amount of their claim from Travelers or from Wilson, since they are liable in solido. Under the express provisions of the uninsured motorist coverage, plaintiffs could also recover from State Farm, since the insurer is obligated “to pay all sums which the insured.shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile.”
However, we do not feel that this situation was contemplated by the legislature when they enacted R.S. 22:1406D(1). The uninsured motorist protection was designed to give additional protection to a plaintiff who had recourse only against an uninsured motorist for damages suffered by him in an accident. In this case, Travelers Insurance Company is liable in solido with Wilson, and consequently also liable for the full amount of the claim. Plaintiffs herein are as fully protected as they would be were Wilson insured.
We are of the opinion that when an uninsured motorist is solidarily liable with an insured motorist, and the insurance in effect is valid, enforceable and sufficient to cover the judgment realized by the plaintiff, there is no necessity for bringing into play the provisions of the uninsured motorist provisions in the policy. (emphasis supplied) Fouquier vs. Travelers Insurance Company, 204 So.2d 400, La.App., 1 Cir. (1967) at page 403.
“The same holding has been followed in numerous cases, one of the more recent of which was the case of Gautreaux vs. Pierre 254 So.2d 476, La.App., 3 Cir. (1971). Answering the same contention as made in the case at bar that the uninsured motorist carrier should be obliged to contribute to the amounts awarded to plaintiffs under its uninsured motorist coverage, the court of appeals held as follows:
There is no merit in this contention, as the intent of the uninsured motorist statute and of conforming policy provisions is not to benefit the uninsured driver, but rather to protect the insured driver, and actions thereunder the contractual in nature rather than delictual. LSA-R.S. 22:1406, Subd. D(l), Boote [Booth] vs. Fireman’s Fund Ins. Co. 253 La. 521, 218 So.2d 580. It follows from this that when an uninsured motorist is solidarily liable with an insured motorist, as is the case here, and the insurance in effect is valid, enforceable and sufficient to cover the judgment realized by plaintiffs, the provisions in plaintiffs’ policy giving coverage in the event of damage by an uninsured motorist does not apply. Fou- *285 quier vs. Travelers Insurance Company, La.App., 204 So.2d 400. And see also Shirley vs. Aetna Casualty and Surety Co., 256 So.2d 462, La.App., 2 Cir. (1972).
“Uniformly, then, the Courts have held that the intent of the Uninsured Motorists statute and the corresponding provisions in an insured’s policy of insurance is to protect the insured when he or she is the un-reimbursed and innocent victim of the negligence of an uninsured tortfeasor. The uninsured motorist provisions in an insured’s policy are not protection, insurance or indemnification for the uninsured tortfeasor, and the insurer does not stand in the shoes of such uninsured tortfeasor. Booth vs. Fireman’s Fund Ins. Co., 218 So. 2d 580, 253 La. 521, S.Ct. (1969); Fouquier vs. Travelers Ins. Co., (supra).”
However, this court must disagree with Lumbermen’s contention that it should not be cost jointly in judgment with Doyle, Travelers and Shell, as cited be able trial counsel:
“First of all, it should be noted that Lumbermen’s has based its arguement primarily on two cases: Fouquier vs. Travelers, 204 So.2d 400 (La.App. 1st Cir. 1967) and Gautreaux vs. Pierre, 254 So.2d 476 (La.App. 3rd Cir. 1971). There has been no application for writs of certiorari on either of these two cases and there can be found no ruling from the Supreme Court, on this issue and therefore this Honorable Court is not bqund to follow the ruling of the first and third circuits.
“When one reads the above cited cases one glaring difference can be seen between them and the instant case. In each of the two cited cases, the lower courts found that the uninsured motorist, the plaintiffs uninsured motorist carrier, and the insurer of the other defendant were liable in soli-do. However, in the instant case, the Court could not hold that the uninsured motorist, Thomas Tarver, was liable in so-lido since he was never joined and was not before the Court at that time. We feel that this is an important difference in that should the Court not hold the uninsured motorist carrier of Miss D’Amico liable with the other defendant then the Court has in effect found sole liability on the part of the other defendants. It would seem entirely inequitable to assess the full amount of damages to Mr. Doyle, Shell Oil Company and Travelers Insurance Company.
“The holding in the Fouquier case has been questioned, Work of Louisiana Appellate Court for the 1967-1968 term insurance, 29 La.Law Review 2057-2058. In this comment and also in a dissenting opinion written by Judge Culpepper in Gau-treaux, the decision of both the First and Third Circuit Courts of Appeal as to the factual situation as set out in our case has been severely criticized. Judge Culpepper pointed out that in all actuality, the responsibility of an uninsured motorist insurer is not in solido:
“instead it is in solidum an imperfect solidarity not defined in our civil code, but known to the Romans and recognized in our jurisprudence, Gay vs. Blanchard, 32 La.Ann. 497 (1880); Redmann La.Civ.Code, Principals of Contribution and Indemnity; Solidary Obligations and Suretyship, 27 Loyola Law Review 297; Work of the Appellate Courts for the 1966-1967 Term Insurance, 28 La.L.Rev. 372.”
“Imperfect solidarity exists where the debtors are bound for the same debt but by different acts and different times, and in which case subrogation takes place to the extent of payment.
“It is our contention that Judge Culpep-per’s argument is of great merit. Lumbermen’s Mutual can easily pursue Mr. Tarver for the one-half of the judgment it incurs. The other one-half of the judgment would, of course, fall to Travelers Insurance Company.
*286 “If it should be determined that the ruling of the lower court, that is that Mr. Doyle and Mr. Tarver were guilty of some negligence, then it would appear inequitable to assess the full amount of damages to Mr. Doyle, Shell Oil Company and Travelers Insurance Company, especially in light of the fact that Mr. Tarver was not joined in the suit. Therefore, it would seem that any damage caused by Tarver should be incurred by Lumbermen’s Mutual Insurance Company. The question is why should Travelers be responsible for the entire amount of damages involved. Lumbermen’s could certainly subrogate as to the amounts it pays out and seek recovery from Tarver as was the impact of Judge Culpepper’s dissent.
“Further, as Lumbermen’s indicated in its judgment, Travelers Insurance Company has already paid out the full amount of the judgment to both parties. This was done because demand was placed on Travelers for the amount by both of the plaintiffs. Travelers paid out this sum of money Under protest and in order to extinguish the running of any further interest. Travelers paid out this amount with the understanding that it would be able to receive reimbursement for one-half this amount should the contentions of Lumbermen’s as outlined in this matter be refused.”
It should not be overlooked that if an insured is paid under the uninsured motorist coverage, the insurer is entitled under the usual “Trust Agreement” provision of the coverage to exercise the insured right of recovery against any party liable for the damage for which the payment is made. The holding of Fouquier v. Travelers Ins. Co., La.App., 204 So.2d 400 seems open to question (Louisiana Law Review 257) while indicating no necessity for bringing into play the provisions of the uninsured motorist provisions of the policy a reservation was made, i. e., reserving the right of plaintiff against his insurer in the event the insurer of the insured tortfeasor might be unable to satisfy the judgment against it. A better position would be to include the plaintiff’s insurer in the judgment leaving to it the opportunity to claim indemnity against the joint tortfeasors if compelled to pay. It should be borne in mind that in the case at bar the uninsured motorist was never made a party defendant.
At the least the case at bar is not alike those previously cited cases cited as the jurisprudence.
The case cited evidently bear upon liability in solido. It should be remembered in the case at bar that Tarver (not a party defendant) was found to be negligent (along with others) and that he was uninsured. To assess the full amount of damages against one party and omit the uninsured motorist is to fail to take into account that this is why Lumbermen’s was paid the premium for the risk they undertook. That risk came into being and was solidified into a definitive judgment when Tarver, an uninsured, was found negligent. To base payment .by an uninsured carrier (such as Lumbermen’s is) upon the fact as to whether or not the party plaintiff includes the negligent party defendant (which incidentally is not required under our Direct Action Statute) would be to delegate at the whim of plaintiff who is to bear the cost of judgments upon who is and who is not sued in court. If an uninsured carrier undertakes to cover a risk and that risk is that the carrier cover the damages caused by the uninsured — then when his moment of truth comes he ought to be made to pay.
QUANTUM
As indicated many times before by the jurisprudence of this state the basic law as set out in Article 1934(3) of the Louisiana Civil Code states out in part that in the assessment of damages much discretion must be left to the judge. The appellate courts of this state are under a duty to comprehend the “much discretion” of the trial judge. Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149; Ardoin v. Bordelon, La. App., 284 So.2d 117. And as restated in the Lomenick case (Lomenick v. Schoef *287 fler, 250 La. 959, 200 So.2d 127) the assessment should not be disturbed unless the appellate court’s examination of the facts reveal a clear abuse of that discretion.
Mrs. D’Amico’s injury consisted of an acute cervical muscle with pain and suffering for 2-3 months, thus awarding her $3,000.00 together with all proved specials in the amount of $452.37. The granting of the $100.00 deductible was in error due to the fact that there is no evidence to support by a preponderance of the evidence that she sustained said loss.
Hughes suffered a whiplash type of injury thus necessitating an award of $1,000 together with proved specials of $91.
Therefore, the quantum as granted by the trial judge below is correct and should not be disturbed.