SCHOTT, Judge.
This is a. tort action arising out of an automobile accident which occurred at the intersection of Jefferson Davis Parkway and Tulane Avenue in New Orleans on September 16, 1974.
Plaintiffs were passengers in a taxicab driven by defendant, August Mitchell, and owned by defendant, Checker Cabs, Inc. Before the accident the cab was proceeding west on Tulane Avenue and upon reaching the northbound side of Jefferson Davis Parkway the cab collided with an automobile owned and operated by defendant Jefferson Barber.
Plaintiffs brought suit ¿gainst Barber, Mitchell, and Checker Cabs along with State Farm Mutual Automobile Insurance Company, their own uninsured motorist carrier. Various third party demands were also filed by the defendants.
The trial judge rendered judgment in favor of plaintiffs against Barber, Mitchell and Checker Cabs jointly and in solido, and dismissed plaintiffs’ claim against State Farm Mutual Automobile Insurance Company, as well as the various third party demands. From this judgment Mitchell and Checker Cabs have appealed and plaintiffs have answered the appeal seeking damages for frivolous appeal, an increase in the quantum of damages awarded by the trial court, and a reversal of the judgment dismissing their suit against State Farm in the event that Mitchell and Checker would be exonerated from liability in this court.
Mitchell and Checker specify two errors in the judgment of the trial court for our consideration:
1. The finding of negligence on Mitchell’s part, and
2. The failure to hold State Farm liable in solido with them.
As to the issue of negligence on Mitchell’s part, the trial court found that both drivers were negligent in entering an intersection with a non-functioning light when it was unsafe to do so at an unsafe speed and without sufficient observation. Our examination of the record discloses that evidence was before the trial court to support these findings.
This intersection is a major one between two avenues divided by neutral grounds. Ordinarily the intersection is controlled by an electric semaphore signal, but it is undisputed that the signal was not operating at the time of this accident. According to Mitchell there was a temporary stop sign facing Jefferson Davis Parkway. Mitchell was thoroughly familiar with this intersection before the accident and specifically acknowledged on the witness stand that a dangerous situation existed at the time of the accident when the traffic lights were not functioning. While he denied that he was exceeding the speed limit both of the plaintiffs testified that he was exceeding the speed limit prior to the accident and that he had been talking and looking around at plaintiffs over his shoulder just before the accident. Mitchell testified that he did not see Barber’s car until he was eight feet from Jefferson Davis whereas Mrs. Gentry testified that she saw Barber’s automobile from the back seat of the cab while they were 25 feet from the intersection. These bits of evidence amply support the trial judge in his findings, especially considering that a cab driver must exercise the highest degree of care in the transportation of his passengers and any negligence however slight subjects the carrier to liability to the passengers. Young v. Fryoux, 222 So.2d 638 (La.App. 4th Cir. 1969).
On the other issue, Mitchell and Checker contend that State Farm should have been cast solidarily with them in view of the fact that Barber, a joint tort feasor *217 with Mitchell, was uninsured. They cite no authority for this proposition and acknowledge that Fouquier v. Travelers Insurance Company, 204 So.2d 400 (La.App. 1st Cir. 1967), is directly contrary to their position. We are not persuaded to depart from the result in the Fouquier case especially considering the fact that State Farm’s liability is strictly contractual, plaintiffs are Tennessee residents, presumably the policy was issued in that state, and the policy was not introduced in evidence. In order to reach the discussion about the nature of State Farm’s liability, a basis for that liability would have to be established. In the first instance, only the insurance policy could support liability and it is not before us.
Plaintiffs have apparently conceded that they are not entitled to any relief under their answer to the appeal.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.