DOUCET, Judge.
Plaintiff appeals from the trial court’s grant of a motion for summary judgment dismissing his claim against his underin-sured motorist insurer carrier. We affirm.
The facts were stipulated to by the parties. The plaintiff suffered injuries when his automobile, which was manufactured by American Motors Corporation (AMC), was struck from the rear by a vehicle driven by Toleda Weldon. State Farm Mutual Automobile Insurance Company provided liability coverage on the Weldon vehicle as well as uninsured motorist coverage to the plaintiff. Plaintiff subsequently brought suit in United States District Court against American Motors alleging that a product defect in the seat of his AMC vehicle was cause in fact of the injuries he suffered in the accident. American Motors responded with a third party demand against Toleda Weldon and her liability insurer alleging the former’s negligence was cause of the plaintiff’s injuries, therefore AMC was entitled to contribution and/or indemnification from the third party defendants. On the day of trial, the liability of Toleda Weldon and her insurer was compromised for State Farm’s $10,000 policy limits, with the stipulation that any judgment obtained against AMC be credited for the same amount. All other rights were reserved unto plaintiff. Thereafter, the jury returned a verdict in favor of the plaintiff and against American Mo *262 tors in the amount of $90,000, subject to the aforementioned credit. That judgment was satisfied and no appeal was taken.
At the same time the above suit was filed in Federal court, a companion case was filed in State court against all of the parties to the Federal suit, and additionally State Farm in its capacity as the plaintiff’s own uninsured motorist carrier. The State court proceeding was stayed pending resolution of the Federal action. Accordingly, at the end of the Federal case only one issue remained for decision at the state level, to wit: whether the plaintiff could recover from his uninsured motorist insurance carrier. Defendant State Farm moved for a summary judgment contending there was no liability under the underinsured motorist coverage of the plaintiff’s policy because the extent of the plaintiff’s injuries had been determined after trial on the merits and the award was fully satisfied. The trial court agreed and granted the motion.
Appellant maintains that there is no bar, legal or contractual, to his lawsuit for the underinsured motorist coverage pursuant to La. Rev. Stat. 22:1406, and places reliance on the settlement agreement reached with the tort-feasor-driver reserving all rights as to other parties. In other words, appellant contends that he is entitled to relitigate the issue, of quantum and if he can prove his damages exceed $90,000 and if solidary liability between Toleda Weldon and AMC is established, then he would be entitled to recover damages up to State Farm’s policy limits to the extent the award exceeded $90,000. We disagree.
The trial court’s grant of the defendants’ motion for summary judgment was correct. La. CCP Art. 966 provides that a motion for summary judgment should be granted if the pleadings, depositions, admissions on file, together with affidavits, if any, show no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. There was no issue of material fact since the plaintiff’s damages were determined in the prior proceeding and the judgment was fully satisfied. As a matter of law we hold that under these circumstances the tortfeasor was not an underin-sured motorist. Accordingly the reservation of rights is of no effect, there being no rights remaining. We reach this result with an abundance of caution as one’s right to a day in court is a precious right indeed. However, the plaintiff has had his day in court and this, coupled with the interests of judicial economy, mandate the result reached herein. Furthermore, the purposes of the Uninsured Motorist Act would not be furthered by allowing a successful plaintiff to relitigate the issue of quantum in an attempt to recover a higher award.
In Fouquier v. Travelers Insurance Company, 204 So.2d 400 (La.App. 1st Cir. 1967) the Court stated:
“We are of the opinion that when an uninsured motorist is solidarily liable with an insured motorist, and the insurance in effect is valid, enforceable, and sufficient to cover the judgment realized by the plaintiff, there is no necessity for bringing into play the provisions of the uninsured motorist provisions of the policy.”
Accord: Gautreaux v. Pierre, 254 So.2d 476 (La.App. 3rd Cir. 1971). We consider the principles enunciated in Fouquier to be particularly applicable in the present case where a plaintiff has had his damages judicially determined and has been fully compensated by the joint tortfeasors.
For the above and foregoing reasons the judgment of the trial court sustaining the defendants’ motion for summary judgment is affirmed. Costs of this appeal are assessed against the appellant.
AFFIRMED.