222

MOTORISTS MUTUAL INS. CO., APPELLEE, *v.* TOMANSKI ET AL.,
APPELLANTS.

(No. 70-306—Decided July 14, 1971.)

*Messrs. Robison, Curphey & O'Connell* and *Mr. Daniel M. Phillips,* for appellee.

*Mr. Manuel H. Ganch, Messrs. Cubbon & Rice* and *Mr. David R. Goldberg,* for appellants.

SCHNEIDER, J. The sole question presented is whether the Tomanski claim under the uninsured motorist contract is enforceable; or, stated another way, whether the concurrent negligence of the operator of an insured third vehicle postpones, reduces, or eliminates the contractual rights which would otherwise exist. We hold that the presence of the third vehicle does not alter the contractual obligation under the uninsured motorist provision of the policy of the insurer. Thus, we reverse the judgment of the Court of Appeals.

The rights of the insured are spelled out by R. C. 3937.-18, as being, ". . . for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury. . . ."

The Tomanski coverage, under a paragraph heading, "Damages for Bodily Injury Caused by Uninsured Automobiles," obligates the insurer "to pay all sums which the insured . . . shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury. . . ."

Thus, the wording of the contract, as well as that of the statute, gives to the insured a claim against the insurer where an accident results in liability on the part of an uninsured vehicle because of injury.

The right to recover under an uninsured motorist insurance policy is on the contract, not in tort. *Fouquier* v.

*Travelers Ins. Co.* (La. App. 1967), 204 So. 2d 400; *Hobbs v. Buckeye Union Casualty Co.* (1962), 212 F. Supp. 349.

"It is not the purpose of the uninsured motorist law to provide coverage for the uninsured vehicle, but its object is to afford the insured additional protection in the event of an accident." *Horne* v. *Superior Life Ins. Co.* (1962), 203 Va. 282, 123 S. E. 2d 401, 404.

"Uninsured motorists' insurance is not liability insurance . . . but resembles limited accident insurance. It . . . insures him against losses occasioned . . . by a limited group of tortfeasors. . . ." *Hein* v. *Nationwide Mutl. Ins. Co.* (1965), 106 N. H. 378, 381, 213 A. 2d 197.

Although this precise issue, involving an insured and an uninsured vehicle, is one of first impression in Ohio, the authorities in other states have allowed recovery in like circumstances.

In *O'Brien* v. *Aetna Casualty and Surety Co.* (1970), 33 App. Div. 2d 1085, 307 N. Y. Supp. 2d 689, the New York Appellate Division held that the fact that an insured vehicle was involved did not preclude arbitration where a claim was made that the injured parties had also been hit by an uninsured automobile.

Motorists Mutual contends that *O'Brien* v. *Aetna Casualty and Surety Co.*, *supra,* is not applicable because the two vehicles might have caused the injuries at separate times. But that argument fails to recognize the New York law cited therein, developed ten years earlier in fact situations involving concurrent negligence of two motor vehicles. See *Merchants Mutl. Casualty Co.* v. *Wildman* (1960), 12 App. Div. 2d 664, 209 N. Y. Supp. 2d 242; *Rosenbaum* v. *American Surety Co.* (1961), 12 App. Div. 2d 886, 209 N. Y. Supp. 2d 994.

In a later New York case, where a covered vehicle was struck by an insured vehicle and an uninsured vehicle, the New York Appellate Division emphasized the availability of relief by saying "there seems to be no basis for . . . con-tentions, subsequently raised, . . . that it 'was not the legislative intent, nor was it the intent of the insurance con-

tract to afford protection . . . as long as there was an identified and insured tortfeasor'; as the statute clearly contemplates an independent recovery. . . ." *Powers* v. *Continental Ins. Co.* (1968), 29 App. Div. 2d 1041, 289 N. Y. Supp. 2d 467. See, also, *State Farm Auto Ins. Co.* v. *Spinola* (C. A. 5, 1967), 374 F. 2d 873; *M. V. A. I. C.* v. *Eisenberg* (1966), 18 N. Y. 2d 1, 218 N. E. 2d 524; *Inter-Insurance Exchange* v. *Lopez* (Cal. App. 1965), 47 Cal. Reptr. 834, *State-Wide Ins. Co.* v. *Lang* (1968), 30 App. Div. 2d 974, 294 N. Y. Supp. 2d 661.

That position was concisely stated by the Florida Supreme Court, as follows: An "automobile liability carrier providing coverage against injury by an uninsured motorist in accord with requirements of the statute, after accepting premium for such coverage, may not deny coverage on ground that insured has other similar insurance available to him." *Sellers* v. *U. S. Fidelity Co.* (Fla. 1966). 185 So. 2d 689; approved in *Tuggle* v *Government Employees Ins. Co.* (Fla. 1968), 207 So. 2d 674.

In *Horne, supra* (203 Va. 282), recovery on the uninsured motorist coverage was permitted, although workmen's compensation insurance was also applicable. See *Southeast Title & Ins. Co.* v. *Austin* (Fla. App. 1967), 202 So. 2d 179; *Mason* v. *Allstate Ins. Co.* (Fla. App. 1966), 189 So. 2d 907.

Appellee directs our attention to the case in which there is injury by a single vehicle whose owner is uninsured, but whose driver has personal liability coverage (or the reverse). In such instance, the authorities refuse to allow recovery under an uninsured motorist clause. *In re Allstate Ins. Co.* (1960), 26 Misc. 2d 859, 207 N. Y. Supp. 2d 645; *Gordon* v. *Phoenix Ins. Co.* (Fla. App. 1970), 242 So. 2d 485. Since that situation involves joint tortfeasors, one insured and one uninsured, appellee argues that recovery should be denied in the instant case, because it similarly involves insured and uninsured joint tortfeasors.

The situations are distinguishable, if only because both R. C. 3937.18 and the so-called "uninsured motorist"

clause require, not an uninsured motorist, but an uninsured vehicle. Where either the driver or owner of the negligently operated vehicle has liability insurance, there is no uninsured vehicle to constitute the nexus of the cause. Thus, any argument basing the refusal of recovery on the existence of joint tortfeasors is without merit.

A third group of cases, relied upon heavily by both the plaintiff and the Court of Appeals, involves determinations of comparative responsibility between the tortfeasor and the company issuing uninsured motorist coverage. In each case, the tortfeasors (or their liability carriers) and the insurer of the covered occupant were both in court and subject to its judgment. The only question decided was who must pay, or, having paid, who was entitled to subrogation. *Fouquier* v. *Travelers Ins. Co.* (La. App. 1967), 204 So. 2d 400; *Southern* v. *Lumbermens Mutl. Cas. Co.* (D. C. Va. 1964), 236 F Supp. 370; and *Hobbs* v. *Buckeye Union Cas. Co.* (D. C. Va. 1962), 212 F. Supp. 349.

In differentiating between degrees of tort and contract liability, the courts, in *Fouquier, Southern* and *Hobbs*, have found that uninsured motorist coverage is "secondary" or "additional protection," and applicable where "other sources of insurance are lacking." Such conclusions were not reached in litigation between covered motorist and insurer; and should not be taken out of context for use in interpreting a simple contractual relationship.

This court has refused to change the meaning of language contained in an insurance contract when that wording is directly applicable to the facts under consideration, and will not read into a contract meaning which was not placed there by an act of the parties. *Olmstead* v. *Lumbermens Mutl. Ins. Co.* (1970), 22 Ohio St. 2d 212, 216; *Garlick* v. *McFarland* (1953), 159 Ohio St. 539, 545; *First National Bank* v. *Houtzer* (1917), 96 Ohio St. 404.

Where the occupant of a motor vehicle, covered under an uninsured motorist insurance contract obligating insurer to "pay all sums which the insured or his legal representative shall be legally entitled to recover from the

owner or operator of an insured automobile because of bodily injury," is injured in an accident with such an uninsured automobile, his right of recovery under the contract is not eliminated by the presence of an insured motor vehicle in the same accident.

The judgment of the Court of Appeals is reversed and final judgment is entered for defendants on their demurrer.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, DUNCAN, CORRIGAN, STERN and LEACH, JJ., concur.