Betty Lee THOLEN et al.,
Plaintiffs-Appellees,

v.

Harvis L. CARNEY, Defendant,

Cathrene E. Greenhaw et al.,
Defendants-Appellees,

Safeco Insurance Company of America,
Intervenor-Appellant.

No. 76–3833

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 7, 1977.

Paul G. Smith, Birmingham, Ala., for intervenor-appellant.

Walter P. Crownover, John G. Lowther, Tuscaloosa, Ala., for Betty Tholen et al.

William J. Donald, Tuscaloosa, Ala., for Cathrene E. Greenhaw.

Before COLEMAN, GODBOLD and TJOFLAT, Circuit Judges.

PER CURIAM:

In this diversity case, an intervenor in the proceedings below, Safeco Insurance Company of America, appeals from the district court's determination of its liability under the "Uninsured Motorist Coverage" clause of its insurance contract with the plaintiffs. We affirm the district court on the basis of its memorandum opinion entered on August 25, 1976, and appended to this opinion.

AFFIRMED.

APPENDIX

MEMORANDUM OF OPINION

This litigation arises from a multi-vehicle accident which occurred on a public road in rural Sumter County, Alabama. The drivers of two of the vehicles, Cathrene E. Greenhaw and Harvis L. Carney, were sued by the occupants of a third vehicle—by its driver, Charles Dale Tholen, who claimed both property damages and personal injuries,[1] and by its two passengers, Betty Lee Tholen and Kerry Lee Tholen, who claimed personal injuries. Tholen's insurance carrier, Safeco Insurance Company of America, intervened to seek by subrogation the $3,219.56 it had paid Tholen for damage to his automobile.

---

* Rule 18, 5 Cir.; See *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

1. For convenience, the term "personal injuries" in this opinion includes, as appropriate, medical expenses.

The cases, consolidated for trial, were submitted to the jury for findings by special verdict. The jury found that the accident was proximately caused by negligence of both Greenhaw and Carney, and not by any contributory negligence on the part of Tholen. The jury fixed the property damages at $3,500 and for personal injuries awarded Charles $10,000, Betty $20,000 and Kerry $30,000. Given these facts, judgment would ordinarily be entered against both defendants and in favor of Charles in the amount of $10,280.44, in favor of Betty in the amount of $20,000, in favor of Kerry in the amount of $30,000, and in favor of Safeco in the amount of $3,219.56.

Entry of judgment, however, is obfuscated by the fact that Safeco intervened not merely to seek reimbursement for its payment of property damages, but also to obtain a determination of its liability to the Tholens under the uninsured motor vehicle section of its policy. This issue arises because Carney's vehicle was not covered by liability insurance and is complicated by virtue of the fact that the other defendant, Greenhaw, had liability insurance coverage sufficient in amount to satisfy all awards by the jury. Having failed at trial to persuade the jury that Carney was free from fault, Safeco now attempts to limit—if not avoid—liability to the Tholens under the uninsured motor vehicle coverage and, to the extent called upon to pay for damages caused by Carney's negligence, Safeco demands judgment over against Carney.

The central question may thus be put: to what extent is Safeco's liability to its insureds [2] under the uninsured motor vehicle section of the policy affected by the fact that the insureds' injuries were found to have been caused by negligence of both an uninsured motorist and an insured motorist?

Analysis starts with certain basic principles, well recognized in this jurisdiction: Where there are several joint tortfeasors responsible for the plaintiff's damages, the plaintiff is entitled to judgment in the full amount against each, as if the others did not exist. That is, there is no apportionment of damages among joint tortfeasors.[3] The plaintiff can seek recovery of these judgments against all or any of the judgment debtors; however, to prevent "double recovery", amounts recovered from one reduce the amounts recoverable from the others. The tortfeasors do not by reason of unequal payments to the plaintiff obtain a right of contribution from the other tortfeasors.[4]

It follows that the Tholens, armed with judgments against both Carney and Greenhaw, are entitled to collect, if they can, the entire amount of the judgments from Carney alone; and this is so even though Greenhaw is insured. Yet, under its policy, Safeco has agreed "to pay all sums which the insured . . . shall be legally entitled to recover as damages from the . . operator of an uninsured motor vehicle"; . e., to pay the Tholens all sums which they are legally entitled to recover from Carney.

Safeco would argue that other language in the policy limits its liability to situations where there are no other jointly liable persons from whom the plaintiffs could recover their judgments. The provision so relied upon, however, reads as follows:

"Any loss payable under the terms of this coverage shall be reduced by: * * * (3) all sums paid by or on behalf of the owner or operator of the uninsured motor vehicle and any other person or organization jointly or severally liable together with such owner or operator for bodily injury to an insured."

---

**2.** Safeco's contention that it can recover from Greenhaw's insurer (State Farm) all, or a portion, of any amounts it may have to pay the Tholens cannot be dealt with here because State Farm is not a party to this litigation. The issue in the case *sub judice* is directed towards Safeco's liability to its insureds (the Tholens), leaving for perhaps a later day any claims Safeco may have against State Farm.

**3.** *E. g., Anderson v. Kemp*, 279 Ala. 321, 184 So.2d 832 (1966).

**4.** *E. g., Gobble v. Bradford*, 226 Ala. 517, 147 So. 619 (1933); *Home Ins. Co. v. Stuart-McCorkle, Inc.*, 291 Ala. 601, 285 So.2d 468 (1973).

This clause does no more than prevent double recoveries. It does not make Safeco's liability secondary to other sources for recovery. As to the Tholens—putting aside, as beyond the confines of the litigation, any claims for indemnity or by subrogation which Safeco may have against State Farm—Safeco is liable for the sums which the Tholens may otherwise recover from Carney. *Cf. Security National Ins. Co. v. Hand,* 31 Cal.App.3d 227, 107 Cal.Rptr. 439 (1973); *Motorists Mutual Ins. Co. v. Tomanski,* 27 Ohio St.2d 222, 271 N.E.2d 924 (1971).

Of course, Safeco does enjoy the benefits of the limits of liability specified in the policy, interpreted in accordance with applicable state law. The policy limits are $15,000 for "each person" and $30,000 for "each accident". The plaintiffs (and Greenhaw) contend, however, there should be a "stacking" of coverages because the Safeco policy insured more than one vehicle owned by Tholen.

This question must be answered by reference to California law;[5] and California, unlike Alabama, does not allow "stacking". *Allstate Insurance Co. v. Shmitka,* 12 Cal. App.3d 59, 90 Cal.Rptr. 399. Accordingly, Safeco's liability is limited to a maximum of $15,000 as to any plaintiff and to a total of $30,000 for all of the plaintiffs. It is unnecessary to "apportion" this coverage for the accident among the plaintiffs in any particular way. Rather, Safeco's liability under the policy will be exhausted at such time (if ever) that it pays the full $30,000. Of course, it cannot be called upon to pay more than the amount awarded to a plaintiff for personal injuries ($10,000, in the case of Charles Dale Tholen), or more to either of the two passengers than the $15,000 "each person" limit.

Safeco is entitled to judgment over against Carney for such amounts, if any, as it may have to pay to the Tholens because of Carney's negligence.

This the 25th day of August, 1976.

**5.** The plaintiffs are residents of California and the contract of insurance was made in California, with uninsured motorist coverage being afforded to comport with section 11580.2 of California's Insurance Code. The Alabama choice of law rule dictates that California substantive law be applied. See, *e. g., United States Fidelity & Guaranty Co. v. Slifkin,* 200 F.Supp. 563 (N.D.Ala.1961); *Ideal Structures Corp. v. Levine Huntsville Develop. Corp.,* 396 F.2d 917 (CA5 1968).