HENRY C. GENTRY, Plaintiff-Appellant, *v.* CITY MUTUAL INSURANCE COMPANY, Defendant-Appellee.—SARAH BRAY, Plaintiff-Appellant, *v.* CITY MUTUAL INSURANCE COMPANY, Defendant-Appellee.

First District (2nd Division)   Nos. 77-1424, 78-488 cons.

Opinion filed November 28, 1978.

Heller & Morris and Schwartzberg, Barnett & Cohen, both of Chicago (Benjamin H. Cohen and Hugh J. Schwartzberg, of counsel), for appellants.

Jesmer & Harris, of Chicago (Alvin R. Becker and Charles E. Tannen, of counsel), for appellee.

Mr. JUSTICE BROWN delivered the opinion of the court:

In these consolidated cases, each plaintiff filed a declaratory judgment action against the defendant, City Mutual Insurance Company, seeking judgment that each was entitled to coverage under the uninsured motor vehicle provisions of the taxicab liability insurance policy issued by the defendant to Checker Taxi Company, and to compel arbitration under the provisions of the policy.

Defendant filed a motion for summary judgment in plaintiff Gentry's case No. 77-1424 and a motion to dismiss in plaintiff Bray's case No. 78-488. Both motions were granted and each plaintiff appeals.

The common issue presented on appeal is whether uninsured motor vehicle coverage is available to a person who claims to have been injured by the concurrent negligence of two or more parties where only one party is uninsured.

The facts are not in dispute. In both cases the plaintiff was injured in a collision while a passenger in a cab owned by Checker Taxi Company, Inc. In Gentry's case the collision involved the cab and one uninsured

vehicle. In Bray's case, the collision involved the cab, one insured vehicle, and one uninsured vehicle.

Gentry filed a separate action against the cab company, the cab driver, the owner of the uninsured car and its operator. That action is still pending. Bray, through letters and attorney's liens, has asserted claims against the cab company, its driver, and the insured driver.

Prior to the accidents, defendant had issued a policy of liability insurance to the cab company which was in effect when both accidents occurred. As required by section 143a of the Illinois Insurance Code (Ill. Rev. Stat. 1973, ch. 73, par. 755a), the policy contained a clause providing the cab company and its passengers with uninsured motor vehicle coverage. Each plaintiff made a demand upon the defendant that it recognize his/her claim under the policy. In Gentry's case, no response to that demand was received, and in Bray's case, the defendant denied coverage.

It is the contention of each plaintiff that uninsured motor vehicle coverage is available to a person injured in an accident involving an uninsured motorist even though that person claims to have been injured by the concurrent negligence of two or more people, only one of which is uninsured. Defendant maintains that uninsured motor vehicle insurance is designed to give protection to a claimant who has recourse only against an uninsured motorist. If liability coverage is available from a joint tort-feasor, defendant contends that the uninsured motor vehicle coverage is suspended.

The insurance contract is not a part of either record. Therefore, resolution of this issue requires an interpretation of the uninsured motor vehicle statute. Section 143a of the Illinois Insurance Code (Ill. Rev. Stat. 1973, ch. 73, par. 755a) provides:

"(1) On or after July 1, 1963, no policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be renewed or delivered or issued for delivery in this State with respect to any motor vehicle registered or principally garaged in this State unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in Section 7—203 of The Illinois Vehicle Code for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom,* * *."

In *Ullman v. Wolverine Insurance Co.* (1970), 48 Ill. 2d 1, 4, 269 N.E.2d 295, our supreme court stated that the purpose of the above provision was to place the policyholder in substantially the same position he would

occupy if the wrongful driver had obtained the minimum liability insurance required by the Financial Responsibility Law (Ill. Rev. Stat. 1969, ch. 95½, par. 7—101 *et seq.*). This paragraph of the law provides that the owner of a motor vehicle must have insurance in the amount of $10,000 per person and $20,000 per occurrence or post a bond with the Secretary of State. See also *Squire v. Economy Fire & Casualty Co.* (1977), 69 Ill. 2d 167, 370 N.E.2d 1044.

As authority for their position, plaintiffs cite an Ohio Supreme Court case, *Motorists Mutual Insurance Co. v. Tomanski* (1971), 27 Ohio St. 2d 222, 271 N.E.2d 924, which is very similar on its facts to the Bray case. In that case the Ohio Supreme Court held that:

> "Where the occupant of a motor vehicle, covered by an uninsured motorist insurance contract obligating insurer to 'pay all sums which the insured or his legal representative shall be legally entitled to recover from the owner or operator of an insured automobile because of bodily injury,' is injured in an accident with such an uninsured automobile, his right of recovery under the contract is not eliminated by the presence of an insured motor vehicle in the same accident." 27 Ohio St. 2d 222, 226-27, 271 N.E.2d 924, 927.

Additionally, almost every jurisdiction which has considered this issue is in accord with the reasoning of the Ohio Supreme Court. *Tholen v. Carney* (5th Cir. 1977), 555 F. 2d 479; *Security National Insurance Co. v. Hand* (1973), 31 Cal. App. 3d 227, 107 Cal. Rptr. 439; *O'Brien v. Aetna Casualty & Surety Co.* (1970), 33 App. Div. 2d 1085, 307 N.Y.S. 2d 689; See also 7 Appleman, Insurance Law and Practice §4331 n. 15.35 (1972 Cum. Supp.).

There is no need, though, to look to sister jurisdictions for guidance as this court has recently decided this exact issue in *Wilhelm v. Universal Underwriters Insurance Co.* (1st Dist. 1978), 60 Ill. App. 3d 894, 377 N.E.2d 62. In that case Herbert Wilhelm, Jr., was a passenger on a motorcycle owned and operated by Randy Henning when a collision occurred with a vehicle owned and operated by Wayne Andrews. Wilhelm was killed and plaintiff, as administrator of his estate, brought suit against Henning and Andrews. Andrews was covered by liability insurance. Henning's liability insurance did not apply to passengers on the motorcycle, but his uninsured motor vehicle insurance did apply. Henning's insurance company denied coverage and the trial court held that if plaintiff recovered from Andrews' liability insurance, then she could not recover from Henning's uninsured motor vehicle carrier. Plaintiff appealed. In deciding that plaintiff's deceased was covered and that the uninsured motor vehicle carrier could be compelled to arbitrate the claim, this court stated that:

> "* * * there is nothing in the statute indicating that the

insurance required by the statute was to be available only if no other source of recovery were available. * * * [T]he statute simply provides that the coverage is to be available for the protection of persons who are legally entitled to recover damages from owners or operators of uninsured motor vehicles. It does not say that such coverage is available only if no other persons are legally responsible. Construing the statute as a whole (34 Ill. L. and Prac. *Statutes* §123 (1958)), it seems clear that the insured is entitled to recover if an uninsured motor vehicle caused the injury. The insured is not required to prove that there are no other sources of recovery such as insured motorists who may also be liable for the accident." 60 Ill. App. 3d 894, 899-900.

Thus it seems clear that defendant's contention that uninsured motor vehicle insurance was designed to give protection to a claimant who has recourse solely against an uninsured motorist is contrary to the intent and purpose of the statute. Therefore, under the authority of *Wilhelm,* we find that plaintiffs are entitled to coverage under the uninsured motor vehicle provision required by the Illinois Insurance Code and that the mere presence of an insured vehicle does not suspend such coverage.

Accordingly, the judgments of the circuit court in No. 77-1424 and No. 78-488 are reversed and remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

STAMOS, P. J., and PERLIN, J., concur.