OPINION
Plaintiff-appellant Rhonda Davis appeals the decision of the Mahoning County Common Pleas Court which granted summary judgment in favor of defendants-appellees, Robert and Raymond Nicastro. For the subsequent reasons, the judgment of the trial court is reversed and remanded.
On October 8, 1994 Raymond Nicastro crashed Robert Nicastro's uninsured automobile into the automobile in which appellant was a passenger. The automobile in which appellant was riding was driven by Dean Carson and owned by Wendy Carson. Ms. Carson had insurance, including uninsured motorists coverage, through Globe American Casualty Company (Globe).
On April 28, 1995, Globe sent appellant a $3,500 check along with a release form. Appellant cashed the check but failed to execute the release. On May 4, 1995, appellant filed a personal injury lawsuit in the Columbiana County Common Pleas Court against Raymond Nicastro alleging negligence and against Robert Nicastro alleging negligent entrustment. Appellees filed an answer and a motion for summary judgment, but before the court could address said motion, appellant voluntarily dismissed her lawsuit.
On January 24, 1997, appellant refiled her complaint in Mahoning County, which is the site of the accident and appellees' residence. Appellant's complaint prayed for more than $25,000 in damages. Appellees filed their answers contending that "plaintiff has received payment in full for the injuries and damages alleged in the complaint and has thereby assigned all rights against the defendant to another party, and therefore avers that this action is not being pursued in the name of the real party in interest."
On August 6, 1997, appellees filed a motion for summary judgment alleging that, because appellant cashed Globe's check, Globe is the real party in interest. Attached to the motion was an affidavit of Edna White, a Globe employee. Ms. White stated that Globe is subrogated to the rights of appellant by virtue of the $3,500 payment to appellant. Appellant responded that appellees were not entitled to judgment as a matter of law and that there was a genuine issue of material fact as to whether a settlement was reached since she never signed the release that accompanied the check from Globe. The court granted appellees' motion for summary judgment in November 1997. The within timely appeal followed.
Appellant's sole assignment of error provides:
 "The trial court erred in granting summary judgment because there exists genuine issues of material facts and defendants were not entitled to judgment as a matter of law."
Appellees suggest that the issue presented for our review is more appropriately stated as follows: may a party who has been involved in an automobile accident settle an uninsured motorist claim with an insurance carrier for less than the limits of the uninsured motorist policy and thereafter maintain a lawsuit against the uninsured motorist tortfeasor?
The applicable uninsured motorist statute, R.C. 3937.18, provides in pertinent part:
 (E) In the event of payment to any person under the coverages required by this section and subject to the terms and conditions of such coverages, the insurer making such payment to the extent thereof is entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury * * *
A careful reading of the above provision reveals that the statute contemplates that a plaintiff may file a lawsuit against an uninsured motorist tortfeasor after collecting proceeds from an uninsured motorist carrier. Appellees argue that summary judgment was appropriate because appellant's opposition to summary judgment did not contain an affidavit in response to the affidavit of Ms. White. However, Ms. White's affidavit does not support appellees contention that appellant cannot file a suit for damages because Globe is the real party in interest. The affidavit merely suggests that Globe is entitled to $3,500, by way of subrogation, in the event that appellant recovers from appellees. Appellees fail to recognize that Globe's subrogation rights do not encompass the entire cause of action against them. Appellant's rights are subrogated to Globe only to the extent of the payment made by Globe to appellant.
In Ervin v. Garner (1971), 25 Ohio St.2d 231, the tortfeasor crashed his automobile into the plaintiff's barn which resulted in a fire. The plaintiff in Ervin settled with his insurance company for the policy limit of $5,000 and then sued the tortfeasor for $21,100. The Supreme Court allowed the case to proceed and merely ordered that the insurance company is subrogated to the rights of the plaintiff with regards to the $5,000 that it previously paid to the plaintiff. Id. at 236. See, also, the collateral source rule in the form of R.C. 2317.45 (B) which disallows reduction of a plaintiff's recovery by the amount of benefits paid by insurance that is subject to subrogation. The insurer can enforce its subrogation right after the plaintiff recovers a complete damages award from the tortfeasor. Martin v.Dillow (1994), 93 Ohio App.3d 108, citing Ervin,supra at 364-365.
Likewise, the fact that appellant may have settled with Globe for less than the policy limits does not preclude appellant from suing appellees. See Marion v. Baker (1987), 42 Ohio App.3d 151, where the Tenth Appellate District allowed a similar case to proceed, but required the trial court to allow the insurer to intervene in the cause of action against the uninsured motorist. There exist various practical reasons why a plaintiff may settle with an insurance company for less than their total amount of damages before suing the uninsured motorist. For instance, a plaintiff may find it strategically easier to take what is offered from the powerful insurance carrier and then sue the uninsured individual tortfeasor for complete recovery. If the suit is successful, it is likely that the insurance company's policy requires reimbursement to the carrier by the plaintiff out of the judgment received from the tortfeasor. Also, if the uninsured motorist has recoverable assets and the insurance company offers a small settlement, a plaintiff who needs cash fast may settle with the insurance company and then sue the uninsured motorist using the settlement to pay litigation expenses and overdue medical bills.
Additionally, it should be remembered that uninsured motorist coverage does not provide liability insurance for uninsured motorists. Kish v. Central Nat. Ins. Group of Omaha (1981),67 Ohio St.2d 41, 44, citing Motorists Mutual Ins. Co. v. Tomanski
(1971), 27 Ohio St.2d 222, 224. The policy behind uninsured motorist policies is not to protect culpable drivers who fail to secure insurance, but it is to protect injured parties against uninsured motorists. Id. The obligation of Globe to appellant arises out of contract, while the obligation of appellees to appellant arises out of tort. Hence, although the act of cashing a check from an uninsured motorist carrier may release the carrier, it will not serve to release the uninsured tortfeasor from liability.
We hereby hold that logic, fairness, and a reasonable interpretation of the language set forth in R.C. 3937.18 (E) necessitates a conclusion that an injured party is not barred from suing an uninsured tortfeasor if that injured party receives payment from an uninsured motorist carrier for less than the policy limits.[1] Accordingly, appellees were not entitled to judgment as a matter of law.
For the foregoing reasons, the trial court's order which granted summary judgment is reversed and this cause is remanded for further proceedings according to law and consistent with this court's opinion.
Donofrio, J., concurs.
Waite, J., concurs.
APPROVED:
 ______________________________ JOSEPH J. VUKOVICH, JUDGE
[1] See Annotation, Insured's Recovery of Uninsured Motorist Claim Against Insurer As Affecting Subsequent Recovery Against Tortfeasors Causing Injury (1992), 3 A.L.R.5th 746, Section 10 for examples of cases from various states that have dealt with the issue in the case sub judice and allowed the plaintiff to sue the tortfeasor after settling with the uninsured motorist carrier for less than the policy limits.