OPINION
Plaintiffs-appellants, Thomas and Edith Freeman, appeal from a Madison County Court of Common Pleas decision granting summary judgment in favor of defendant-appellee, Wayne Mutual Insurance Company ("Wayne Mutual"). We reverse the decision of the trial court and grant summary judgment in favor of appellants.
On November 11, 1994, appellants were involved in an automobile accident with Carla Burgett. Burgett ran a red light and collided with appellants' vehicle, causing injuries to appellants. Michael Codgill owned the vehicle that Burgett was driving. Appellants were insured by Wayne Mutual at the time of the accident. The police accident report indicated that Burgett was insured by Progressive. However, within a day or two, appellants learned that Burgett and Codgill (collectively, "tortfeasors") were possibly uninsured. On December 8, 1994, appellants submitted a proof of loss claim form to Wayne Mutual, which stated that the "other driver has no insurance."
On December 20, 1994, Wayne Mutual sent appellants a letter acknowledging their med-pay claim. This letter requested appellants to sign and return the enclosed medical payments proof of loss forms and return with any additional medical bills pertaining to their claim.
On February 23, 1995, a letter was sent by Mark J. Ross to Wayne Mutual, advising that he was legally representing appellants in regards to injuries that they sustained in the automobile accident. This letter enclosed a copy of the police accident report and stated the following: "Our investigation indicates that the driver of the other automobile was uninsured, even though it was indicated to the contrary on the accident report. Accordingly, we are hereby submitting an uninsured motorist claim pursuant to the coverage provided in their policy."
On March 2, 1995, Wayne Mutual sent Attorney Ross a return letter, stating the following:
 In order to present your clients' uninsured motorist claim we must have proof that both the tortfeasor and the vehicle owner were uninsured. Accordingly, we will accept affidavits, answers to interrogatories or answers to questions under oath. If you find it necessary to file suit to obtain this information, you do not have to proceed further after obtaining this information. Any judgment you obtain against the tortfeasor will not be binding on us.
 Once we have received the documentation proving that the tortfeasor and vehicle owner were uninsured, we will be able to give further consideration to your clients' uninsured motorist claim.
On December 8, 1995, Wayne Mutual sent Attorney Ross a letter asking whether proof that the tortfeasors had been uninsured at the time of the accident had been obtained.
On November 12, 1996, appellants filed a personal injury lawsuit in Madison County's Court of Common Pleas against the tortfeasors. Although this complaint was filed two years and one day after the accident, it was timely filed within the two-year statute of limitations for such actions, because November 11, 1996 had been a national holiday. However, appellants failed to obtain service of process on Burgett and Codgill. On July 8, 1997, the case was dismissed without prejudice for failure to obtain service.
On March 10, 1998, Stephen A. Moyer wrote a letter to Wayne Mutual advising that he was now representing appellants in respect to their claims arising out of the accident. (Attorney Ross was no longer representing appellants, as he had been convicted of a felony and disbarred.) Attorney Moyer notified Wayne Mutual that appellants had previously filed a lawsuit against the tortfeasors. The letter further stated, "* * * [I]n that Wayne Mutual Insurance Company by and through its agent, was previously notified of the existence of this claim, we would hereby request benefits under the medical payments provision of the policy as well as uninsured motorist coverage herein. We would hereby demand arbitration thereunder."
Wayne Mutual notified appellants in a letter dated March 16, 1998 that because Attorney Ross had not sent in anything for over two years, the file regarding the accident had been closed. On March 23, 1998, appellants again filed suit against the tortfeasors. This suit was timely filed under the savings statute and service of process was obtained on the tortfeasors. In a letter dated April 16, 1998, Wayne Mutual refused to intervene in the tortfeasors' lawsuit, refused to be bound by its results, and indicated that the honoring of appellants' med-pay claim would depend upon the lawsuit's outcome.
On May 12, 1998, the tortfeasors stated by interrogatory that they were uninsured at the time of the automobile accident with appellants. In a letter dated May 18, 1998, Wayne Mutual informed appellants that their claim for uninsured motorist coverage was time-barred and denied. On May 20, 1998, appellants sent Wayne Mutual documents regarding the protection of subrogation rights. After another refusal of coverage for their uninsured motorist claim, appellants sued Wayne Mutual on June 8, 1998.
Part E of Wayne Mutual's insurance policy, which is entitled "Duties After an Accident or Loss," establishes duties of the insured. Under the "General Duties" provisions, an insured seeking coverage must "[s]ubmit a proof of loss when required by us." Under the section entitled "Additional Duties for Uninsured Motorists Coverage," an insured must "[p]romptly send us copies of the legal papers if a suit is brought" and "[p]rovide us with legal proof, at our own request, that a person or persons causing injury was or were operating an uninsured motor vehicle." (Emphasis sic.)
A provision named "Legal Action Against Us" in Part C of the insurance policy states the following:
 No suit or action whatsoever or any proceeding requested, instituted or processed in arbitration may be brought against us for the recovery of any claim under this Part unless such suit, action or proceeding in arbitration against us is commenced within 24 months next after the date of the accident.
 A demand for arbitration does not toll this limitation of action with regard to disputes that are not subject to arbitration under this Part.
 No suit or action may be brought against us in any court under this Part unless we deny coverage under this Part, refuse to make payment under this Part, or disagree with a covered person regarding the limits available under this Part. (Emphasis sic.)
Part F of the policy, which is entitled "General Provisions," also contains a "Legal Action Against Us" section. This section states that "[n]o legal action may be brought against us until there has been full compliance with all the terms of this policy."
Wayne Mutual filed a motion for summary judgment, arguing that its denial of appellants' uninsured motorist claim had been proper under the terms of the insurance contract. Appellants filed a cross-motion for summary judgment. The trial court found that appellants had failed to file their uninsured motorist claim within the two-year limitations period contained in the insurance policy. The trial court determined that there had been no modification of contract terms, waiver, or equitable estoppel. Therefore, the trial court granted summary judgment to Wayne Mutual and denied appellants' motion for summary judgment.
Appellants appealed, raising the following assignment of error:
 THE TRIAL COURT COMMITTED ERROR WHEN IT SUSTAINED DEFENDANT WAYNE MUTUAL INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT AND OVERRULED PLAINTIFF-APPELLANTS THOMAS AND EDITH FREEMAN'S CROSS-MOTION FOR SUMMARY JUDGMENT.
In their assignment of error, appellants contend that it was error for the trial court to grant summary judgment to Wayne Mutual and overrule appellants' motion for summary judgment. Appellants argue that Wayne Mutual breached its contract with appellants when it denied appellants' uninsured motorist claim.
Pursuant to Civ.R. 56(C), a summary judgment is appropriate when (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, and who is entitled to have the evidence construed most strongly in his favor. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66. This court reviews a trial court's decision to grant summary judgment de novo. Jonesv. Shelly Co. (1995), 106 Ohio App.3d 440, 445.
The legal basis for recovery under the uninsured motorist coverage of an insurance policy is contract and not tort. Kralyv. Vannewkirk (1994), 69 Ohio St.3d 627, 632, citing MotoristsMutl. Ins. Co. v. Tomanski (1971), 27 Ohio St.2d 222-223. Although action on contract is subject to a fifteen-year statute of limitations under R.C. 2305.06, an insurance policy may limit time for action on contract to less than fifteen years if a reasonable time for suit is provided. Lane v. Grange MutualCompanies (1989), 45 Ohio St.3d 63, 64, citing Colvin v. GlobeAmerican Cas. Co. (1982), 69 Ohio St.2d 293. Also, in order to reduce time for suit provided by the statute of limitations for an action on contract, the insurance policy must be written in terms that are clear and unambiguous to the policyholder. Id.
Where provisions of an insurance contract are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured. Lane at 65, citing King v. Nationwide Ins. Co.
(1988), 35 Ohio St.3d 208.
The Supreme Court of Ohio has held that a provision of an insurance contract which purports to extinguish a claim for uninsured motorist coverage by establishing a limitations period which expires before or shortly after the accrual of the right of action for that coverage is per se unreasonable and violates public policy. Kraly, 69 Ohio St.3d paragraph four of the syllabus. The insurance policy at issue in Kraly contained a clause which stated that there is "no right of action against [it] * * * until all the terms of [the] policy have been met." Id. at 633. The court found that the policy required the insured to show that the tortfeasor was uninsured for reasons identified in the policy as a condition precedent to uninsured motorist coverage.Id.
In Kraly, the Kralys learned that the tortfeasor's insurer had become insolvent twenty-one and one-half months after the accident occurred. Id. at 634. Therefore, only three and one-half months of the limitations period remained when the Kralys were notified that the tortfeasor was uninsured. Id. The court determined that three and one-half months was an unreasonably brief amount of time for a limitations period; therefore, the contractual period of limitations was invalid. Id. at 634-635.
Similarly, the Tenth District Court of Appeals has determined that a two-year limitations period in an insurance policy did not preclude action against the insurer that was commenced within two years of exhaustion of tortfeasors' policies, although this action fell outside the two-year limitations period. Kuhner v. Erie Ins.Co. (1994), 98 Ohio App.3d 692, 698. Kuhner involved a claim for underinsured motorist coverage. The insurance policy under the court's consideration contained a clause that provided that legal action to recover uninsured or underinsured motorist coverage had to be initiated within two years of the date of the accident. Another clause in the policy said that the insurer would not be required to pay any amount under underinsured motorist coverage until all other applicable insurance had been exhausted by payment of the policy limits. The Kuhner court stated the following:
 Under the policy provision, an insured's rights to payment by Erie for underinsured motorist coverage does not accrue until the tortfeasor's policy limits are exhausted. Under the rule of the second paragraph of the syllabus of Kraly, supra, the two-year limitation created by the policy cannot commence prior to that time. Accordingly, that limitation period cannot preclude the instant action, which was commenced within two years of the exhaustion of the other policies.
Id.
In the case sub judice, the limitations period contained within the uninsured motorist section of the policy states that all suits or actions against Wayne Mutual must be brought within twenty-four months of the date of the accident. It also states that such action suit or action cannot be brought until Wayne Mutual denies coverage or refuses to make a payment.
In this case, the police accident report incorrectly indicated that the driver who caused the accident was insured. Although appellants had reason to believe that the tortfeasors were uninsured and notified Wayne Mutual of this fact within days of the accident, Wayne Mutual required legal proof of the tortfeasors' uninsured status. Wayne Mutual demanded that appellants present affidavits, answers to interrogatories or answers to questions under oath by the tortfeasors in order to make a claim for uninsured coverage. Wayne Mutual even insisted that appellants would have to file suit if necessary to obtain legal proof that the tortfeasors were uninsured.
Following the reasoning of Kraly, 69 Ohio St.3d 627, the condition precedent necessary for appellants to file a claim for uninsured motorist coverage was to present legal proof of the tortfeasors' uninsured status. Considering the policy language in conjunction with the letters of correspondence Wayne Mutual sent to appellants, Wayne Mutual would not acknowledge the accrual of appellants' right to uninsured motorist coverage until legal proofs of the tortfeasors' uninsured status were presented.
The insurance policy also provides that Wayne Mutual must deny or refuse a submitted claim before an insured may pursue legal action against it. Wayne Mutual would not acknowledge that a claim had been filed without the required legal proof, and therefore had not denied or refused a claim within the two-year limitations period. Appellants were attempting to provide legally valid proof of the tortfeasors' uninsured status by commencing a lawsuit when the limitations period of the policy expired.
The two-year limitations period provided for by the insurance policy is intended to protect Wayne Mutual's legal interests. A personal injury lawsuit must be filed within two years of the date of the injury. R.C. 2305.10(A). In this case, the original personal injury lawsuit against the tortfeasors was filed within the statute of limitations for personal injury actions but was dismissed due to failure of process. The lawsuit was re-filed within the time permitted by the savings clause and service was obtained. It was only then that appellants could comply with the condition precedent required by the insurance policy by sending interrogatories demonstrating the tortfeasors' uninsured status. Wayne Mutual was notified of this lawsuit but refused to intervene. Wayne Mutual's subrogation rights were preserved at all times.
Where the police incorrectly reported that the tortfeasors were insured, Wayne Mutual's policy required appellants to (1) discover the tortfeasors' uninsured status; (2) legally prove the tortfeasors' uninsured status which, in this case, required appellants to file suit against the tortfeasors; (3) wait for Wayne Mutual to deny the claim; and (4) initiate a lawsuit against Wayne Mutual, all within a two-year period. For even the most diligent insureds, this timeframe is very ambitious, if not ludicrous.
Because this insurance contract attempted to extinguish a claim for uninsured motorist coverage by establishing a limitations period which expired before or shortly after the accrual of the right of action for that coverage, as provided by the contract, the limitations period was per se unreasonable and violated public policy. See Kraly, 69 Ohio St.3d 627. See, also,Kuhner, 98 Ohio App.3d 692. Therefore, the limitations period should not preclude appellants from pursuing legal action against Wayne Mutual.
For these reasons, the trial court erred in granting summary judgment to Wayne Mutual. Appellants' assignment of error is well-taken. The decision of the trial court is reversed and remanded for further proceedings consistent with this opinion.
YOUNG, J., concurs.
POWELL, P.J., concurs separately.