OPINION
Plaintiffs-appellants, John and Ursley Roberts, appeal from a declaratory judgment of the Butler County Court of Common Pleas in which the trial court found that defendant-appellee, Allstate Insurance Company ("Allstate"), is not required to provide uninsured motorist coverage benefits to appellants, and that R.C. 3937.18, as amended by S.B. 20, does not violate the United States or Ohio constitutions. The judgment of the trial court is affirmed.
John P. Roberts, the appellants' son, was killed in an automobile collision on April 5, 1997. He was a passenger in an automobile driven by Jeffrey Turco which collided with a vehicle driven by Kraig Kehl. The collision was caused by the joint negligence of Turco and Kehl who were racing at the time. Turco's vehicle was insured by Integon Insurance Company ("Integon"). The insurance policy provided limits of $100,000 per person and $300,000 per occurrence for both liability and uninsured motorist coverage. Kehl's vehicle was insured by a policy issued by the Grange Insurance Company which provided limits of $25,000 per person and $50,000 per occurrence.
Roberts' estate filed claims against both insurers. The claims were denied based on street racing exclusions contained in the policies. However, because the liability coverage was denied, Integon determined that Roberts' estate was entitled to $100,000 under the uninsured motorist provision of the policy and paid this amount to the estate. Appellants are the beneficiaries of the estate.
At the time of the accident, Roberts was insured under a policy issued by Allstate. The policy provided uninsured motorist coverage with limits of $50,000 per person and $100,000 per occurrence. Appellants, insureds under the same policy, filed a declaratory judgment action seeking payment of uninsured motorist benefits from Allstate. Allstate filed an answer and a counterclaim for declaratory judgment.
The trial court granted Allstate's motion, finding that appellants were not entitled to collect benefits under the uninsured motorist provision of the Allstate policy. The trial court determined that appellants' claim was precluded by the anti-stacking language of the insurance policy and by policy language limiting liability to a strict per-person limit. Appellants appeal, raising two assignments of error.
Assignment of Error No. 1:
 The trial court erred when it found that the Allstate insurance policy did not require the Appellee to provide uninsured motorist coverage benefits to the Appellants.
 Appellants argue that "[w]hen an insured is injured by the negligence of joint tortfeasors there is a separate claim for uninsured motorist benefits as to each joint tortfeasor."
In support of this contention, appellants direct our attention toVinnece v. Motorists Ins. Co. (Sept. 18, 1998), Montgomery App. No. 16997, unreported. Under facts similar to those in the present case, the Second District Court of Appeals in Vinnece held that the plaintiffs could recover the policy limit for the negligence of each of two joint tortfeasors. However, the court specifically stated that "[c]ases in which R.C. 3937.18(H) is applicable will * * * reach a result different from the result reached here." As there is no dispute that R.C. 3937.18(H) applies in the present case, we find the reasoning of Vinnece to be of little value in our analysis.
Appellants also rely on the Ohio Supreme Court's decision in MotoristsMutual Ins. Co. v. Tomanski (1971), 27 Ohio St.2d 222, in support of their contention. In Tomanski, the court held that:
 Where the occupant of a motor vehicle, covered under an uninsured motorist insurance contract obligating insurer to `pay all sums which the insured or his legal representative shall be legally entitled to recover from the owner or operator of an uninsured automobile because of bodily injury,' is injured in an accident with an uninsured automobile, his right of recovery under the contract is not eliminated by the presence of an insured motor vehicle in the same accident.
Id. at syllabus. While we find that Tomanski offers guidance in our analysis, we do not find that it is dispositive of the issue as appellants suggest. Tomanski does not state that appellants may recover up to the policy limit under separate claims as to each tortfeasor. Instead, it stands for the proposition that the presence of one insured and one uninsured motorist, when both are negligent, will not defeat a plaintiff's contractual right to seek benefits for the negligence of the uninsured motorist. Id. Accordingly, the resolution of appellants' first assignment of error lies in an examination of the Allstate policy to determine what contractual right appellants have to recover uninsured motorist benefits under the policy provisions.
Consistent with R.C. 3937.18(G), appellants' Allstate policy contains the following anti-stacking provision:
 If the insured person sustaining bodily injury was occupying a vehicle you do not own which is insured for this coverage under another policy, this coverage will be excess.
 This means that when the insured person is legally entitled to recover damages in excess of the other policy limit, we will only pay the amount by which the limit of liability of this policy exceeds the limit of liability of that policy.
 If more than one policy applies to the accident on a primary basis, the total benefits payable to any one person will not exceed the maximum benefits payable by the policy with the highest limit for uninsured motorist coverage. We will bear our proportionate share with other uninsured motorist benefits. This applies no matter how many autos or auto policies may be involved whether written by Allstate or another company.
Pursuant to this provision, the most appellants could recover in uninsured motorist benefits is the $100,000 already received from Integon. Roberts was a passenger in a vehicle not owned by himself or appellants, the Allstate policyholders. Therefore, the Allstate coverage is excess, and only entitles appellants to recover the amount by which the limit of liability of the Allstate policy exceeds the limit of liability of the tortfeasor's policy. As the Integon policy limit exceeds the Allstate limit, appellants cannot recover further from Allstate. Even if both policies are considered "primary," the total uninsured motorist benefits payable to appellants cannot exceed the maximum benefits payable with the highest uninsured motorist limit, the $100,000 Integon policy.
In a factually similar case, the Sixth District Court of Appeals concluded that such an anti-stacking provision unambiguously precludes coverage. See Hanney v. Allstate (Jan. 11, 1991), Ottawa App. No. 89-OT-47, unreported, 1991 WL 1573.[1] The court, considering the exact clause at issue in the present case, found that the provision, "when viewed as a whole, clearly relates to a situation where `other insurance' exists and clearly states that appellee will only be responsible for excess damages, not previously compensated by the primary insurer, up to the limits of the policy issued by appellee." Id., 1991 WL 1573 at *9-*10. See, also, Kovatch v. Aetna (Sept. 24, 1999), Lake App. No. 98-L-095, unreported; Nickschinski v. Sentry Ins. Co. (1993),88 Ohio App.3d 185.
As well, appellants' Allstate policy contains reduction language which states:
 Any amount payable to or for an insured person or additional insured person under this coverage will be reduced by all amounts paid by the owner or operator of the underinsured auto or anyone else legally responsible. This includes all sums paid under the bodily injury liability coverage of this or any other auto policy.
This provision also precludes appellants' uninsured motorist claim, as it requires that the Allstate policy limit be reduced by any payments from "anyone else legally responsible." Turco is indisputably a legally responsible party. Accordingly, the reduction provision requires that the $50,000 Allstate policy limit be reduced by the $100,000 already paid by Integon, eliminating Allstate's obligation under the policy. AccordNationwide Mutual Ins. Co. v. Baker (1993), 99 Ohio App.3d 433.
Lastly, the Allstate policy contains language which limits coverage to the "each person" maximum for damages "arising out of bodily injury to one person in any one motor vehicle accident, including damages sustained by anyone else as a result of that bodily injury." This language, consistent with R.C. 3937.18(H), limits all claims, including wrongful death claims, to a single per-person limit. See, also, Steinbach v.State Farm Ins. Co. (May 22, 2000), Licking App. No. 99CA00064, unreported, affirmed, 92 Ohio St.3d 210; Ackerman v. State Farm Mut.Ins. Co. (Dec. 10, 1999), Hamilton App. No. C-990332, unreported, 1999 WL 1127297, discretionary appeal not allowed, (2001), 88 Ohio St.3d 1486. As the Allstate policy limits coverage for all claims to a single per-person limit, and appellants have already received an amount in excess of the policy limit, they are precluded from seeking additional uninsured motorist coverage from Allstate for Kehl's negligence.
In the present case, the anti-stacking, reduction, and limits of liability provisions of appellant's Allstate policy preclude appellants' recovery of separate policy limits for each tortfeasor. Accordingly, the assignment of error is overruled.
Assignment of Error No. 2:
 The trial court erred by holding that Ohio Revised Code Section 3937.18 as amended by Senate Bill 20 does not violate the Ohio or United States Constitution.
 Appellants first argue that "O.R.C. § 3937.18(H) is ambiguous and defeats the underlying policy behind O.R.C. § 3937.18(A)." We disagree.
Pursuant to R.C. 3937.18(A), no automobile insurance policy may be delivered in Ohio unless both underinsured and uninsured motorist coverages are offered to the insured. R.C. 3937.18(H), as amended by S.B. 20, provides that any automobile liability insurance policy that includes underinsured motorist coverage may limit all claims arising out of any single individual's bodily injury to the per person limit set forth in the insurance policy. R.C. 3937.18(H) provides:
 Any automobile liability * * * policy of insurance that includes [underinsured motorist coverage] * * * and that provides a limit of coverage for payment for damages for bodily injury, including death, sustained by any one person in any one automobile accident, may * * * include terms and conditions to the effect that all claims resulting from or arising out of any one person's bodily injury, including death, shall collectively be subject to the limit of the policy applicable to bodily injury, including death, sustained by one person, and, for the purpose of such policy limit shall constitute a single claim. Any such policy limit shall be enforceable regardless of the number of insureds, claims made, vehicles or premiums shown in the declarations or policy, or vehicles involved in the accident.
Contrary to appellants' assertion, R.C. 3937.18(A) does not indicate that the required uninsured/underinsured motorist coverage may not be limited, as provided by R.C. 3937.18(H). While R.C. 3937.18(A) requires that uninsured/underinsured motorist coverage be offered, R.C. 3937.18(H) permits automobile insurers to limit all claims arising out of any single individual's bodily injury to the per person limit. The provisions are not contradictory, and indeed, "could not be clearer." Davidson v.Uhrig (June 28, 2001), Ross App. No. 00CA2543, unreported, 2001 WL 772228 at *4. See, also, Clark v. Scarpelli (2001), 91 Ohio St.3d 271; Maricv. Adams (Mar. 31, 2000), Lake App. No. 98-L-142, unreported. We find appellant's contention to be without merit.
Appellants next contend that R.C. 3937.18(H) violates Section 19(a), Article I of the Ohio Constitution, because it "limits the amount of damages recoverable by civil action in the courts for death caused by the wrongful act of another."
Section 19(a), Article I of the Ohio Constitution provides that "[t]he amount of damages recoverable by civil action in the courts for death caused by the wrongful act, neglect, or default of another, shall not be limited by law." As recognized by other Ohio courts, there is a distinction between civil damages and the right to recover on a claim under an insurance policy. See Ackerman v. State Farm Mut. Ins. Co., 1999 WL 1127297, unreported; Smith v. Mancino (1997), 119 Ohio App.3d 418. While Section 19(a), Article I of the Ohio Constitution states that wrongful death damages may not be limited by law, this section does not indicate that an insurance policy may not limit a provider's liability if that policy clearly and unambiguously so provides. Ackerman, citingSavoie v. Grange Mut. Ins. Co. (1993), 67 Ohio St.3d 500, 516, Moyer, J. dissenting.
R.C. 3937.18(H) does not violate Section 19(a), Article I of the Ohio Constitution because the statute does not limit the amount of damages a plaintiff may recover in a civil action for wrongful death. Instead, the statute "speaks only to the contractual agreement between the insurer and the insured, and permits insurers to contractually limit recovery of uninsured-motorist benefits." Ackerman, 1999 WL 1127297, at *2. See, also, Waite v. Progressive Ins. Co (1998), 128 Ohio App.3d 344;Stephenson v. Grange Mut. Cas. Co. (Nov. 4, 1999), Franklin App. No. 98AP-1596, unreported. While appellants are limited in the amount they may recover from Allstate because of the contractual terms of the insurance policy, they are not limited in the amount of damages they may recover from Kehl, the culpable motorist. Accordingly, we find this contention to be without merit.
Appellants next argue that R.C. 3937.18(H) violates Section 16, ArticleI of the Ohio Constitution because it deprives them of a right to a remedy. Appellants claims that the S.B. 20 amendments to R.C. 3937.18
destroyed a remedy created by Savoie, 67 Ohio St.3d at 500.
The Ohio Supreme Court rejected this precise argument in Beagle v.Warden (1997), 78 Ohio St.3d 59, holding that Savoie did not create a remedy but rather interpreted what coverage R.C. 3937.18(A)(2) then mandated. The Beagle court stated:
 R.C. 3937.18 results from legislative policymaking. Coverage in accordance with R.C. 3937.18 is not a common-law right. Any contractual right to coverage prescribed under R.C. 3937.18 does not, therefore, come within the protection of Section 16, Article I of the Ohio Constitution.
Id. at 64 (emphasis sic), citing Fabrey v. McDonald Police Dept.,70 Ohio St.3d at 355; Mominee v. Scherbarth (1986), 28 Ohio St.3d 270, 291-292, 28 OBR 346, 364-365, 503 (Douglas, J., concurring). The court concluded that, "[t]o the extent that the legislature may exercise its policymaking authority to alter the contractual relationship between insurer and insured to provide greater protection to the insured, it may also limit or remove those protections once given." Id., citing Byers v. MeridianPrinting Co. (1911), 84 Ohio St. 408, 422. As Savoie did not create a remedy, but rather provided an interpretation of R.C. 3937.18(A), appellants are not unconstitutionally deprived of a remedy by the S.B. 20 amendments. Accordingly, we find this contention to be without merit.
Appellants next contend that S.B. 20 violates the Fourteenth Amendment of the United States Constitution, and Section 2 of the Ohio Constitution, "because it results in a denial of equal protection of the laws to uninsured motorist claimants."
This issue was also decided by the Ohio Supreme Court in Beagle,78 Ohio St.3d at 63-64. In Beagle, the court found that
 [i]nsureds carrying identical policy limits are treated the same under R.C. 3937.18(A)(2). The only classifications of insureds treated differently under R.C. 3937.18(A)(2) are those who, by contract, have chosen different policy limits. * * * Differences in treatment based on the individual contract between the insurer and the insured do not impinge upon a fundamental right or burden a suspect class. Moreover, a rational basis undeniably supports giving effect to the policy limits bargained for by the parties.
Id.
Insureds are free to reject uninsured/underinsured motorist coverage altogether if the terms of the coverage are repugnant to them. R.C.3937.18 merely permits, rather than requires, insurance companies to contractually limit recovery by wrongful-death beneficiaries whose claims arise under automobile insurance policies. Because R.C. 3937.18(H) creates no classification, there is no discrimination that would implicate the Equal Protection Clauses of either the United States or the Ohio Constitution. Id.; see, also, Conley v. Shearer (1992),64 Ohio St.3d 284.
As well, the court in Beagle dispelled appellants' misplaced contention that the legislative amendments contained in S.B. 20 violate the separation of powers doctrine. Appellants allege that by legislatively overruling Savoie, the General Assembly usurped the exclusive province of the judiciary. However, the Savoie court "did not rely upon constitutional considerations in reaching its conclusions, but instead interpreted the legislative purpose behind R.C. 3937.18." Beagle,78 Ohio St.3d at 62-63.
Interpretation of the state and federal Constitutions is a role exclusive to the judicial branch. Id. In the absence of a constitutional concern, however, the judiciary's function is to interpret the law as written by the General Assembly. The Beagle court concluded that "[i]t was the General Assembly's prerogative to redress its dissatisfaction with new legislation" because "[t]he interpretation of R.C. 3937.18(A)(2) advanced in Savoie did not meet with legislative approval." Id. Accordingly, the legislative amendments to R.C. 3937.18
were not made in violation of the separation of powers doctrine.
Finding no merit in appellant's constitutional challenges to R.C. 3937.18
as amended by S.B. 20, we overrule the assignment of error.
Judgment affirmed.
YOUNG, P.J., and VALEN, J., concur.
[1] Although decided before the enactment of S.B. 20, the Hanney
decision relied on language contained in then existing R.C. 3937.18(G), permitting insurance contracts to include terms which preclude stacking of coverage, which is identical to the present version.