OPINION
{¶ 1} Defendant-appellant Hartford Casualty Insurance Company ("Hartford") appeals the judgment entry of the Lake County Court of Common Pleas denying its motion for summary judgment and granting defendant-appellee, Nationwide Mutual Insurance Company's ("Nationwide") motion for summary judgment.
 {¶ 2} On September 10, 1997, Patricia Yankie, the daughter of plaintiffs Robert and Doris Poling ("the Polings"), was a passenger in a motor vehicle owned by Kenneth Robinson and operated by John Krupa ("Krupa"). When Krupa attempted to make a left turn onto Lane Road, a vehicle operated by Jason Dadante ("Dadante") struck the vehicle. As a result of the accident, Patricia Yankie and another passenger were killed. Krupa was insured against liability under an automobile policy issued by State Farm Insurance Company. The motor vehicle being driven by Krupa was insured against liability under an automobile policy issued by Meridian Insurance Company with liability limits of $100,000 per person/$300,000 per accident. Dadante was insured against liability under an automobile policy issued by Farmers Insurance Group with liability limits of $100,000 per accident.
 {¶ 3} On September 10, 1997, Patricia Yankie was employed by APSOCO International, Inc. APSOCO carried a commercial automobile liability policy issued by Federal Insurance Company which provided UM/UIM coverage in the amount of $1,000,000 per occurrence.
 {¶ 4} Timothy Yankie, Patricia Yankie's husband was appointed administrator of the Estate of Patricia Yankie. The Estate settled its wrongful death and survival claims against Krupa and Meridian Insurance Company in consideration of payment of $90,000. On December 14, 1998, Timothy Yankie executed a release and settlement agreement in favor of Krupa and Meridian Insurance Company. The Estate also settled its wrongful death and survival claims against Dadante in consideration for payment of $33,333.33 and executed a release from the same on December 3, 1998. These settlements were approved by the Lake County Probate Court on December 4, 1998. The Polings signed a "waiver and consent wrongful death and survival claims" form agreeing to waive notice of hearings and consent to and approve of the settlement and distribution of the above settlements.
 {¶ 5} Moreover, the Estate settled its claim for UIM benefits under the policy issued to APSOCO, Patricia Yankie's employer for $450,000. The Lake County Probate Court approved the settlement on September 6, 2000. Again, the Polings signed a "waiver and consent wrongful death and survival claims" form.
 {¶ 6} The Polings carried an automobile policy which was issued to them by Nationwide. Said policy was effective from July 13, 1997 to January 13, 1998 with UM/UIM limits of $300,000 each person and $300,000 each occurrence.
 {¶ 7} The Polings initiated the current matter seeking UM/UIM coverage under three different insurance policies. Specifically, the Polings sought a declaration that they were entitled to UIM benefits under a policy issued to them by Nationwide for damages sustained as a result of the death of their adult daughter, Patricia Yankie, on September 10, 1997 and caused by the combined negligence of two underinsured motorists. On March 27, 2001, the Polings filed an amended complaint naming The Travelers Indemnity Company ("Travelers") and Hartford as additional defendants. The Polings sought a declaration that they were entitled to UIM benefits under a commercial general liability policy issued by Travelers to the Coe Manufacturing Company ("Coe") and a commercial automobile policy issued by Hartford to Coe. At the time of the accident, Patricia Yankie's husband, Timothy Yankie, was an employee of Coe.
 {¶ 8} After having obtained an assignment of the Poling's rights as against Travelers and Hartford in exchange for payment of $182,500 to the Polings, Nationwide filed a notice of partial Civ.R. 41(A) voluntary dismissal of Travelers on October 31, 2001. On the same date, Hartford and Nationwide filed a joint stipulation of facts, Nationwide filed its motion for summary judgment. On November 13, 2001, Hartford filed its brief in opposition to Nationwide's motion for summary judgment. On December 4, 2001, Nationwide filed its brief in opposition to Hartford's motion for summary judgment.
 {¶ 9} On May 17, 2001, the trial court granted Nationwide's motion for summary judgment and denied Hartford's motion for summary judgment. In its judgment entry, the trial court reached the following conclusions: first, the court concluded that the notice and subrogation conditions of the Hartford policy did not apply to preclude UIM coverage to the Polings. In so finding, the court indicated that where the parties never specifically intended UM/UIM coverage, subsequent insureds by operation of law are not barred from coverage based on lack of notice or failure to protect the insurer's subrogation rights.
 {¶ 10} The trial court additionally found that since the Polings brought their claim for UIM coverage on March 27, 2001 or less than two years after the June 23, 1999 decision in Scott-Pontzer v. Liberty Mut.Fire Ins. Co., 85 Ohio St.3d 660, 1999-Ohio-292, (which enabled the Polings to make such a claim in the first place) the Polings claim survived Hartford's attack on the basis of the statute of limitations.[1]
In light of this determination, the trial court found that the Polings gave reasonably timely notice to Hartford after the holding inScott-Pontzer became the law in Ohio. Finally, the trial court concluded that the "excess" other insurance clause of the Nationwide policy applied and when read together with the applicable "excess" other insurance clause of the Hartford policy, required that Nationwide and Hartford share liability on a pro-rata basis. Hartford filed this timely appeal on June 14, 2001.
 {¶ 11} In its sole assignment of error, Hartford alleges the trial court erred to its prejudice in overruling its motion for summary judgment.
 {¶ 12} Appellate review of an award of summary judgment is de novo. Helton v. Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158,162. In order for summary judgment to be properly granted, it must be determined that:
 {¶ 13} "(1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from such evidence that reasonable minds can come to but one conclusion and, reviewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to the party." Temple v. Wean United, Inc.,
(1977), 50 Ohio St.2d 317, 327.
 {¶ 14} In Westfield Insurance Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, the Supreme Court of Ohio limited the scope of claims brought under Scott-Pontzer. Specifically, the Court limitedScott-Pontzer's application only to situations where an employee is injured within the course and scope of employment. Westfield, supra, at ¶ 61. In sum, the Court stated: "[a]bsent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or under insured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." Westfield, supra, at paragraph two of the syllabus. The Court further held, "where a policy of insurance designates a corporation as a named insured, the designation of `family members' of the named insured as `other insureds' does not extend insurance coverage to a family member of an employee of the corporation, unless that employee is also a named insured." Id. at ¶ 62.
 {¶ 15} This case has a profound impact upon the matter sub judice. As detailed above, Nationwide obtained an assignment of the Poling's "rights" against Hartford in exchange for payment of $182,500 to the Polings. However, at the time of the accident, Patricia Yankie was not an employee of Coe, the company insured by Hartford's commercial auto liability policy. Because Patricia Yankie was not an employee of Coe, her accident did not occur within the "course or scope of employment." Pursuant to Westfield, the Poling's had no right to recover under the Hartford insurance policy. Therefore, Nationwide paid the Polings $182,500 in consideration for assignment rights the Polings never possessed.
 {¶ 16} To the extent that the Polings had no rights to assign, Nationwide has no rights to vindicate. Hence, pursuant to the reasoning set forth in Westfield, supra, it is unnecessary for us to reach the merits of Hartford's assignment of error. However, in light ofWestfield, the trial court erred in granting summary judgment to Nationwide because Hartford was not obligated, under its policy, to pay the Polings; put differently, the Polings were not entitled to recover under Hartford's policy and, as such, Nationwide has no claim against Hartford.
 {¶ 17} For the foregoing reasons, the judgment of the lower court is reversed and this matter is remanded for proceedings consistent with this opinion.
Donald R. Ford, P.J., and William M. O'Neill, J., concur.
[1] The trial court utilized the two year statute of limitations for wrongful death claims in rendering summary judgment. However, the legal basis for recovery under the UIM provisions of an insurance policy is contract, not tort. Kraly v. Vannewkirk (1994), 69 Ohio St.3d 627, 632, citing Motorists Mut. Ins. Co. v. Tomanski (1971), 27 Ohio St.2d 222. As such, the general statute of limitations for actions sounding in contract is fifteen years. R.C. 2305.06.