OPINION
{¶ 1} This appeal arises from a judgment entered by the Portage County Court of Common Pleas. Appellants, Donna Nelson, guardian of William J. Calhoun; Delores I. Brannen, executor of the estate of Rhonda L. Calhoun and guardian of William D. Calhoun; and Cole C. Calhoun contest the judgment of the trial court. The trial court granted a motion for summary judgment filed by appellee, Cincinnati Insurance Company.
 {¶ 2} On the morning of October 25, 1999, William J. and Rhonda Calhoun ("the Calhouns") were traveling eastbound on State Route 14, on their way to work. They were both employed at Farmex, Inc., in Aurora, Ohio. According to the complaint, Walter Hagy-Ingram entered onto State Route 14. This caused Kurt Lange, who was traveling westbound on State Route 14, to veer left of center. Thereafter, Lange's tractor-trailer collided with the Calhouns' Pontiac. Rhonda Calhoun died as a result of the accident. William J. Calhoun was severely injured.
 {¶ 3} Appellants filed this lawsuit naming as defendants: Kurt A. Lange; Alliant Foodservice, Inc.; Walter R. Hagy-Ingram; Farmex, Inc.; appellee; and other insurance companies. Appellants and appellee both filed motions for summary judgment. The contested issues were whether appellants were entitled to recovery under a commercial general liability policy ("CGL policy") or an umbrella policy, both of which were issued to Farmex, Inc. The trial court granted appellee's motion for summary judgment.
 {¶ 4} Appellants raise the two assignments of error on appeal:
 {¶ 5} "[1.] The trial court erred to the prejudice of appellants by granting appellee's motion for summary judgment and denying appellants' motion for summary judgment on the issue of whether appellants' claims were precluded by the C5 exclusion in the commercial general liability/business automobile policy.
 {¶ 6} "[2.] The trial court erred to the prejudice of appellants by granting appellee's motion for summary judgment and denying appellants' motion for summary judgment on the issue of whether the rejection form attached to the umbrella policy constituted a valid offer and rejection of uninsured/underinsured motorist coverage."
 {¶ 7} Pursuant to Civ.R. 56(C), summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[1] In addition, it must appear from the evidence and stipulations that reasonable minds can come to only one conclusion, which is adverse to the non-moving part.[2] The standard of review for the granting of a motion for summary judgment is de novo.[3]
 {¶ 8} "Farmex, Inc." was listed as the named insured on the front of the CGL policy. The policy states that the language "you" and "your" refers to the named insureds throughout the policy.
 {¶ 9} The trial court relied on the "C5 Exclusion" in support of its judgment that appellants were not entitled to recovery under the CGL policy. The court found that the Calhouns' vehicle was "not specifically identified in the policy under which a claim is made[.]"
 {¶ 10} In addition, the trial court found that appellants were not entitled to recovery under the umbrella policy. An application for excess uninsured motorist coverage was part of the umbrella policy. On this form, a box is checked next to the language "I reject Excess Uninsured Motorists coverage under this policy." The form is signed by an agent of Farmex, Inc.
 {¶ 11} Under the Scott-Pontzer theory, "you" has been extended to cover employees of a named corporation under the insurance policy.[4]
However, a recent holding by the Supreme Court of Ohio has limitedScott-Pontzer to apply only to employees acting in the course and scope of their employment.[5] The Supreme Court of Ohio held:
 {¶ 12} "Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment."[6]
 {¶ 13} The Calhouns were not acting within the course and scope of their employment at the time of the accident. Thus, they were not covered under either of the insurance policies issued to Farmex, Inc. Accordingly, appellants are not entitled to recovery under aScott-Pontzer theory of liability.[7]
 {¶ 14} Since the Calhouns were not acting within the course and scope of their employment and, thus, not insureds under the insurance policies issued to Farmex, Inc., both of appellants' assignments of error are moot.
 {¶ 15} The ultimate judgment of the trial court, entering summary judgment in favor of appellee, is affirmed.
Cynthia Westcott Rice and Robert A. Nader, JJ., Concur.
Robert A. Nader, J., retired, of the Eleventh Appellate District, sitting by assignment.
[1] Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
[2] Civ.R. 56(C).
[3] Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105.
[4] Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660.
[5] Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849.
[6] Id., at paragraph two of the syllabus.
[7] Id.