OPINION
{¶ 1} Appellant, Mary Smith ("Smith"), appeals the March 28, 2003 judgment entry of the Ashtabula County Court of Common Pleas granting summary judgment in favor of defendant, Travelers Indemnity Company ("Travelers") and in favor of defendants, RSK Company and Continental Casualty Company (collectively "Continental"). Smith sought uninsured/underinsured ("UM/UIM") motorist coverage under various commercial automobile policies issued by Travelers and Continental. For the following reasons, we affirm the decision of the court below.
 {¶ 2} On March 3, 2000, Smith suffered bodily injury while riding in an automobile owned by Sandra Stapleton ("Stapleton") and operated by Charlton Cecil Roy ("Roy"), when Roy drove into the back of a parked automobile in Ashtabula, Ohio. Neither Stapleton nor Roy carried liability insurance. Smith was employed by Manpower, Inc., a temporary employment agency, insured under a business automobile policy containing UM/UIM coverage issued by Continental. At the time of the accident, Manpower had assigned Smith to work at Channel Products Inc., insured under a business automobile policy containing UM/UIM coverage issued by Travelers. Pursuant to the Ohio Supreme Court's decision in Scott-Pontzerv. Liberty Mut. Fire Ins. Co., 85 Ohio St.3d 660, 1999-Ohio-292, Smith filed suit against Continental and Travelers for UM/UIM benefits. Continental and Travelers moved for summary judgment on the issue of coverage only, which the trial court granted. Smith timely appealed the trial court's decision on procedural grounds.
 {¶ 3} Smith raises the following assignments of error:
 {¶ 4} "[1.] The trial court erred by denying plaintiff-appellant's Motion To Strike certain evidence contained in defendant-appellee Traveler's Motion for Summary Judgment.
 {¶ 5} "[2.] The trial court erred in granting defendant-appellee Continental's Motion for Summary Judgment."
 {¶ 6} Continental raises a single cross-assignment of error:
 {¶ 7} "[1.] Appellant is not entitled to UM/UIM coverage pursuant to the holding in Scott-Pontzer. Where the policy in the case at bar is not subject to Ohio's UM/UIM law set forth in R.C. 3937.18 because the named insured, Manpower, Inc., is in the practical sense a self-insurer."
 {¶ 8} Smith argues under her first assignment of error that the trial court erred by not granting her motion to strike the evidentiary exhibits attached to Travelers' motion for summary judgment. According to Smith, the trial court and the parties agreed, at a telephone conference held on February 15, 2002, that all discovery would be stayed pending the trial court's determination of whether Smith was entitled to coverage based on the "four corners" of the Travelers' policy. In its motion for summary judgment on the issue of coverage, Travelers argued that Smith was not an employee of Channel. Travelers attached, as evidentiary exhibits in support of its argument, a copy of the Travelers policy, excerpts from Smith's deposition, and Smith's responses to Travelers' interrogatories and requests for production. Smith maintains that Travelers violated the court's order by arguing an issue, i.e. Smith's employment with Channel, outside the four corners of the policy.
 {¶ 9} We find Smith's contentions to be without merit. The trial court's judgment entry following the February 15, 2002 judgment entry is completely silent regarding the stay of discovery alleged by Smith. The entry notes that all parties "agree that the first issues that should be addressed are coverage issues" and orders Travelers and Continental to file motions for summary judgment "on coverage issues only." In its judgment entry denying Smith's motion to strike Travelers' evidentiary exhibits, the court reasoned that "the issue of whether insurance coverage exists in this case is dependent upon whether Plaintiff is an employee covered under the policies at issue." This reasoning is consistent with the court's prior entry limiting the issues to be addressed on summary judgment to coverage. Smith's argument that the coverage issues should be decided by recourse to the "four corners" of the policy is impractical. The question of who is an insured, essential to determining coverage, necessarily involves the issue of whether Smith was an employee. Smith's first assignment of error lacks merit.
 {¶ 10} We further note that even were we to find that the trial court erred by overruling Smith's motion to strike, Travelers is still entitled to summary judgment for the reasons stated below.
 {¶ 11} In her second assignment of error, Smith argues that the trial court erred by determining that Smith was not an insured under the Continental policy. Manpower, Inc. was the named insured on the declarations page. The policy defined an insured for purposes of UM/UIM coverage as "you." Pursuant toScott-Pontzer, the term "you" in this context was ambiguous and must be construed to include all employees of Manpower.85 Ohio St.3d at 664-665. The trial court granted summary judgment in favor of Continental, however, on the grounds that Smith was not occupying a covered auto under the Continental policy at the time of her injuries. Under the Continental policy, UM/UIM coverage is provided for "those `autos' you own." Applying the definition of "you" as set forth in Scott-Pontzer, the trial court found that, since Smith was not occupying a vehicle that she (="you") owned, she was not entitled to UM/UIM coverage under the Continental policy. Smith argues that, pursuant to Martin v.Midwestern Group Ins. Co., 70 Ohio St.3d 478, 1994-Ohio-407, she is not required to be occupying a covered auto in order to claim UM/UIM benefits.
 {¶ 12} The trial court granted summary judgment in favor of Travelers on the grounds that Smith was not an employee of Channel Products at the time of her injuries. As noted above, Smith argues that the trial court erred to her prejudice by restricting discovery on the issue of who was her employer and by relying on Smith's own statement that she was an employee of Manpower.
 {¶ 13} We find that the trial court correctly applied the law as it existed at the time the court ruled on Continental's and Travelers' motions for summary judgment. Subsequent to the filing of this appeal, however, the Ohio Supreme Court greatly limited the holding in Scott-Pontzer, on which Smith's claims are based. Under Scott-Pontzer, it was possible for corporate employees to claim UM/UIM benefits under their employers' business auto policies regardless of whether the employees were in the course and scope of their employment.85 Ohio St.3d at 665-666. In Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, the Supreme Court held that, "[a]bsent specific language to the contrary, a policy of insurance that names acorporation as an insured for uninsured or underinsured motoristcoverage covers a loss sustained by an employee of thecorporation only if the loss occurs within the course and scopeof employment." Id. at paragraph two of the syllabus (emphasis added).
 {¶ 14} In the present case, Smith was not in the course and scope of her employment at the time of the accident. Rather, she had been drinking and consuming cocaine with friends at an Ashtabula bar for several hours prior to the accident. We have reviewed the Continental and Travelers policies at issue and find no language that would extend UM/UIM benefits to Smith in these circumstances. See, e.g., Nelson v. Lange, 11th Dist. No. 2002-P-0011, 2004-Ohio-337; Poling v. Nationwide Mut. Ins. Co., 11th Dist. No. 2002-L-088, 2003-Ohio-6982; Hottensmith v.Corvo, 11th Dist. No. 2002-P-0064, 2003-Ohio-7225. We hold, therefore, that Smith is not entitled to UM/UIM coverage under the Continental or Travelers policies and that Smith's assignments of error are overruled. Agricultural Ins. Co. v.Constantine (1944), 144 Ohio St. 275, 284 ("it is the definitely established law of this state that where the judgment is correct, a reviewing court is not authorized to reverse such judgment merely because erroneous reasons were assigned as the basis thereof").
 {¶ 15} Our determination of Smith's second assignment of error renders Continental's cross-assignment of error moot. App.R. 12(A)(1)(c).
 {¶ 16} The decision of the Ashtabula Court of Common Pleas is affirmed.
Judgment affirmed.
Ford, P.J., and Christley, J., concur.